EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Carmen Cardona Rodríguez | 2017 TSPR 125 <br><br> 198 DPR ____ |

Número del Caso: TS-6202

Fecha: 27 de junio de 2017

Abogado de la parte promovida:

       Lcdo. Carlos S. Dávila Vélez

Oficina de Inspección de Notarías:

       Lcdo. Manuel E. Avila de Jesús
       Director

Materia: La suspensión será efectiva el 5 de julio de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: | |
| | TS-6202 |
| Lcda. Carmen Cardona Rodríguez | |

*PER CURIAM*

En San Juan, Puerto Rico, a 27 de junio de 2017.

La Lcda. Carmen Cardona Rodríguez (licenciada Cardona Rodríguez) fue admitida al ejercicio de la abogacía el 1 de noviembre de 1978 y prestó juramento como notaria el 12 de febrero de 1979.

El 11 de julio de 2014, el Lcdo. Manuel E. Ávila De Jesús, Director de la Oficina de Inspección de Notarías (ODIN), nos solicitó la incautación cautelar de la obra notarial de la licenciada Cardona Rodríguez. Esto, ante una queja presentada por el Secretario de Justicia relacionada a sus funciones como notaria. Por ello, ordenamos la incautación inmediata de la obra y el sello notarial de la licenciada Cardona Rodríguez el 15 de julio de 2014.

Parte de la obra notarial fue incautada a través de un representante de la licenciada Cardona Rodríguez el 31 de julio de 2014. Esto pues, tras las gestiones realizadas por

la Oficina de Alguaciles la letrada reconoció que residía fuera de Puerto Rico desde el 2011.[1]

Así las cosas, la ODIN compareció mediante *Informe sobre el Estado de la Obra Notarial Incautada* el 27 de octubre de 2014. Nos notificó que la notaria omitió hacer entrega de tres (3) tomos de su Libro de Registro de Testimonios,[2] así como, de serias deficiencias en su obra notarial, entre ellas una deuda arancelaria ascendente a la suma preliminar de $46,300.50.[3] Por ello, mediante Resolución de 6 de febrero de 2015, notificada el 17 de febrero de 2015, ordenamos a la letrada a entregar inmediatamente los tomos de su Libro de Registro de Testimonios que no fueron incautados y a corregir las deficiencias señaladas, en particular el pago de aranceles adeudados en un término de treinta (30) días. Asimismo, ordenamos referir el asunto de la deuda de aranceles al Departamento de Justicia de Puerto Rico para el trámite correspondiente.

---

[1] La obra protocolar de la Lcda. Carmen Cardona Rodríguez estaba aprobada hasta el año natural 2001. Cabe señalar, que en comparecencias ante este Tribunal la licenciada Cardona Rodríguez sostuvo que residía en Puerto Rico para el 2012 y 2013. El 29 de enero de 2016, la Lcda. Carmen Cardona Rodríguez nos informó un nuevo cambio de dirección.

[2] La obra notarial incautada incluyó los protocolos para los años 1986, 1987, 1994 al 2011, así como doce (12) tomos de su Registro de Testimonios.

[3] Se destacan las deficiencias notariales siguientes: la omisión de instrumentos públicos, la falta de encuadernación de los tomos correspondientes a los años naturales 2002 al 2011, la omisión de firma, signo y rúbrica de la notaria, la omisión de firmas de partes comparecientes en instrumentos públicos, la omisión de nota de saca y de firma en nota de saca.

El 24 de marzo de 2015, compareció la licenciada Cardona Rodríguez e informó que circunstancias de índole personal le impidieron viajar a Puerto Rico previamente, pero indicó que entregó varios tomos de su Libro de Registro de Testimonios y que comenzó a corregir las deficiencias señaladas.

En vista de lo anterior, ordenamos a la ODIN a que se expresara sobre la comparecencia de la licenciada Cardona Rodríguez. El 22 de septiembre de 2015, la ODIN confirmó que la letrada había entregado varios tomos que no habían sido incautados, pero que un gran número de asientos habían sido omitidos en el Registro de Testimonios, entre otras deficiencias. Añadió que la notaria corrigió varias faltas de su obra protocolar, pero que todavía no había encuadernado parte de la misma, y que mantenía una deuda arancelaria ascendente a $49,980.50. Indicó que la licenciada Cardona Rodríguez no se había comunicado nuevamente con la ODIN desde su visita en marzo. Asimismo, solicitó que separáramos de manera inmediata e indefinida del ejercicio de la notaría a la licenciada Cardona Rodríguez. Esta solicitud fue reiterada el 29 de diciembre de 2015.

El 18 de marzo de 2016, le ordenamos a la letrada a mostrar causa por la que no debíamos separarla de manera inmediata e indefinida del ejercicio de la notaría y referir el incumplimiento del pago de la deuda arancelaria y la subsanación de la obra protocolar al proceso de

desacato. Le advertimos que su incumplimiento con nuestros requerimientos podían conllevar sanciones disciplinarias severas, entre ellas, la suspensión de la abogacía.

En su comparecencia la licenciada Cardona Rodríguez aceptó los señalamientos y deficiencias identificadas por la ODIN. No obstante, señaló que "su condición de salud y situación económica no le ha permitido cubrir las deficiencias arancelarias identificadas, ni con la encuadernación de los protocolos".[4] Informó que había sido incapacitada por la Administración del Seguro Social desde el 18 de enero de 2013 y por lo tanto, estaba impedida de generar ingresos. No obstante, entendía que el Fondo de Fianza Notarial del Colegio de Abogados de Puerto Rico (CAPR) asumiría el pago de los aranceles adeudados. Por lo tanto, solicitó que le concediéramos un término de noventa (90) días para culminar las gestiones de pago con el Fondo de Fianza Notarial para que, una vez satisfecha la deuda arancelaria, autorizáramos su baja voluntaria.

El 22 de julio de 2016 compareció la ODIN y presentó un informe actualizado sobre la obra notarial de la licenciada Cardona Rodríguez. Del informe surge que la deuda arancelaria de la letrada totaliza la suma de $53,864.00, entre otras deficiencias. Así las cosas, el 16 de diciembre de 2016 declaramos no ha lugar la solicitud de baja voluntaria. Asimismo, ordenamos a la licenciada Cardona Rodríguez a cumplir con el pago de los aranceles

---

[4] *Replica a Moción Reiterando Solicitud de Remedios* de 12 de mayo de 2016.

adeudados en un término de sesenta (60) días, so pena de que comenzáramos los procedimientos legales correspondientes.

No obstante, la letrada solicitó un término adicional de veinte (20) días para atender nuestra orden el 21 de febrero de 2017.[5] Asimismo, el 12 de abril de 2017 compareció la representante legal de la letrada, Lcda. Marylin R. Llanis Menéndez, y solicitó ser relevada de esa función, pues su representada interesaba que la Oficina del Procurador de Abogados del CAPR asumiera la misma.[6] A su vez, indicó que su representada interesaba que este Tribunal autorizara el inicio de los procedimientos al amparo de la Regla 15 del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-B. Tras concederle un término para que la licenciada Cardona Rodríguez notificara su nueva representación legal, el 26 de mayo de 2017 anunció que el Lcdo. Carlos S. Dávila Vélez, Procurador del Abogado(a) del CAPR, asumiría su representación.[7]

El 8 de junio de 2017 compareció nuevamente la ODIN e indicó que la licenciada Cardona Rodríguez no había cumplido con la entrega completa de su Registro de Testimonios, no había satisfecho su deuda arancelaria y no se había expresado sobre el cumplimiento con la Orden de 16 de diciembre de 2016.

---

[5] El 28 de marzo de 2017 le concedimos una prórroga de diez (10) días para cumplir con nuestra Resolución de 16 de diciembre de 2016.

[6] *Moción reiterando solicitud de relevo de representación legal* de 12 de abril de 2017.

[7] *Moción en cumplimiento de orden* de 26 de mayo de 2017.

Con estos hechos en mente, examinemos las disposiciones éticas aplicables.

I

Los notarios están obligados al estricto cumplimiento de la Ley Notarial de Puerto Rico, Ley Núm. 75 de 2 de julio de 1987, 4 LPRA sec. 2001 *et seq.*, su reglamento y, los cánones del Código de Ética Profesional, 4 LPRA Ap. IX. Como hemos expresado en innumerables ocasiones: "[e]l incumplimiento con una de estas fuentes de obligaciones y deberes del notario implica ineludiblemente la acción disciplinaria correspondiente no sólo en la función de éste como notario, sino también como abogado". *In re Capestany Rodríguez*, 148 DPR 728, 733 (1999). No obstante, al notario apartarse del cumplimiento de sus funciones, su conducta acarrea una sanción disciplinaria, pues lesiona la confianza y la función pública que le fueron confiadas. *Id.; In re Salas González*, 193 DPR 387 (2015).

Entre las funciones que le son impuestas a los notarios, está el deber de adherir y cancelar - en su Protocolo y en su Libro de Testimonios- los sellos arancelarios correspondientes al momento de autorizar los documentos públicos que otorga. 4 LPRA sec. 2021. Véase, *In re Troche Mercado*, 194 DPR 747, 752 (2016). Incumplir con este deber es una falta grave del notario, pues no solo da fe de haber realizado un acto que realmente no efectuó, sino que "expone a la anulabilidad e ineficacia jurídica [de] estos documentos en perjuicio de los otorgantes o de

terceros". *In re Capestany Rodríguez*, supra, pág. 735. Véase además, *In re Troche Mercado*, supra. A su vez, defrauda el erario y podría resultar en la configuración del delito de apropiación ilegal. *In re Capestany Rodríguez*, supra, pág. 734. Es por ello que hemos expresado "que no aceptaremos como excusa para incumplir con este deber, tener o haber tenido problemas personales". *In re Torres Hernández,* 160 DPR 709, 712 (2003).

Por otro lado, debido a la función pública del notario, este es un mero custodio de los Protocolos, pues estos pertenecen al Estado. Por ello, los notarios deben acatar y respetar los deberes que el ordenamiento notarial les impone en cuanto a la forma de llevar y mantener los mismos. Entre todos los deberes, los notarios no pueden ausentarse más de tres meses de su oficina. 4 LPRA sec. 2076. Asimismo, el Art. 52 de la Ley Notarial, 4 LPRA sec. 2076, le impone a los notarios la obligación de tener los protocolos del año anterior encuadernados a más tardar para el último día de febrero del año corriente. *In re González Maldonado*, 152 DPR 871 (2000). Además, tan pronto el Inspector de Protocolos detecta incumplimientos con estas disposiciones legales, es deber del notario corregirlas con suma diligencia. Ignorar los requerimientos de la ODIN o de este Tribunal constituye no solo una grave ofensa sino también una violación al Canon 9 del Código de Ética Profesional. A su vez, la ausencia de corrección combinada con la gravedad de tales deficiencias permiten a este

Tribunal hacer valer nuestra facultad disciplinaria sobre los notarios y nuestra revisión sobre su función pública.

Por otro lado, el Artículo 7 de la Ley Notarial, 4 LPRA sec. 2011, requiere a todo notario prestar una fianza no menor de $15,000 para que responda del buen desempeño de las funciones de su cargo y de los daños y perjuicios que cause. Asimismo, "responderá preferentemente de las cantidades que dejare de abonar el notario … por concepto de sellos de Rentas Internas, notariales y demás exigidos por ley, por encuadernación de protocolos," entre otros. No obstante, los notarios deben recordar al solicitar la sustitución y cancelación de una fianza que **nuestro ordenamiento, al dar por terminada una fianza notarial, la considerará buena y válida por tres años después de su terminación por los actos realizados por el fiado durante el periodo en que la misma estuvo vigente**. 30 LPRA sec. 1726.

Por otra parte, el Artículo 7 de la Ley Notarial, *supra*, requiere a los notarios notificar al Secretario del Tribunal Supremo y al Director de la ODIN de los cambios de oficina notarial. *In re Díaz Algarín*, 169 DPR 805 (2007). A su vez, la Regla 9 (j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, dispone que todos los abogados tienen "la obligación de mantener actualizados sus datos y realizar cualquier cambio en la información que consta en el Registro Único [de Abogados y Abogadas (RUA)]". Entre otras cosas, el incumplimiento con este deber obstaculiza

el ejercicio de nuestra jurisdicción disciplinaria. Por lo tanto, el mero incumplimiento de lo anterior es causa suficiente para suspenderlo indefinidamente del ejercicio de la abogacía, sin necesidad de trámites ulteriores. *In re Sitiriche Torres*, 192 DPR 777 (2015); *In re Díaz Algarín*, *supra*.

## II

En este caso, la obra notarial de la licenciada Cardona Rodríguez sufre de serias deficiencias notariales, entre ellas, una deuda arancelaria de $53,864.00.

Ciertamente, la licenciada Cardona Rodríguez nos informó de ciertas condiciones de salud y económicas que le han afectado. No obstante, no podemos aceptar como excusa para incumplir con sus deberes notariales, tener o haber tenido problemas personales. Esto pues, no podemos perder de perspectiva que su incumplimiento por un periodo de diez (10) años puede tener efectos serios para todos aquellos otorgantes para los cuales la validez de las escrituras otorgadas están en entredicho hasta tanto los sellos sean adheridos y cancelados, y todas las deficiencias corregidas. Además, la licenciada Cardona Rodríguez incumplió con su obligación de encuadernar los Protocolos desde el 2002 al 2011, lo que demuestra su falta de diligencia, celo profesional y responsabilidad.

Por otro lado, la licenciada Cardona Rodríguez no ha indicado qué gestiones ha llevado a cabo con el Fondo de Fianza Notarial del (CAPR) ni qué frutos han rendido estas

gestiones. No obstante, al examinar el expediente de la licenciada Cardona Rodríguez nos percatamos de que la letrada contaba con una Fianza Notarial expedida por el CAPR el 10 de noviembre de 1978 y que prestó nueva Fianza Notarial con Mapfre Praico Insurance Company el 10 de noviembre de 2011. Por esta razón, dimos "por terminada la Fianza otorgada por el Colegio de Abogados de Puerto Rico para garantizar las funciones notariales de dicha notaria, la cual se considerará buena y válida por tres años después de su terminación por los actos realizados por la mencionada fiada durante el periodo en que la misma estuvo vigente".[8] Al examinar los informes de la ODIN sobre la obra notarial incautada observamos que las deficiencias señaladas datan del año 2002 al 2011 y que ya han transcurrido más de tres (3) años desde que dimos por terminada la fianza notarial del CAPR. A pesar de esto, cabe señalar que es responsabilidad de la notaria corregir estas deficiencias arancelarias para la que le hemos concedido múltiples términos.

Por último, la licenciada Cardona Rodríguez no reside en Puerto Rico desde el 2011, situación de la que no informó a este Tribunal ni a la ODIN para tomar las precauciones requeridas con relación a su obra protocolar. Tampoco tenía actualizada su dirección postal y física en la base de datos del RUA al momento de comenzar la presente

---

[8] Resolución de 15 de noviembre de 2013, Expediente Personal de la Lcda. Carmen Cardona Rodríguez.

acción disciplinaria, conforme lo exige la Regla 9(j) del Reglamento de este Tribunal.

III

Por los fundamentos expuestos, suspendemos inmediata e indefinidamente del ejercicio de la abogacía y de la notaría a la Lcda. Carmen Cardona Rodríguez.

En consecuencia, se le impone a la señora Cardona Rodríguez el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se apercibe a la señora Cardona Rodríguez que la presente acción disciplinaria no la exime de tener que subsanar, a sus expensas, las deficiencias señaladas por la ODIN en su obra notarial. Esa obligación subsiste y su desatención la expone al correspondiente procedimiento de desacato.

Toda vez que la señora Cardona Rodríguez prestó nueva Fianza Notarial con el CAPR el 28 de agosto de 2013 y en vista de su suspensión inmediata e indefinida del ejercicio

de la notaría, se da por terminada la Fianza otorgada por el CAPR para garantizar sus funciones notariales, la cual se considerará buena y válida por tres años después de su terminación por los actos realizados por esta durante el periodo en que la misma estuvo vigente.

Atendida la *Moción reiterando solicitud de relevo de representación legal* y la *Moción en cumplimiento de orden de 26 de mayo de 2017*, se declaran Ha Lugar a ambas.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lcda. Carmen Cardona Rodríguez

TS-6202

SENTENCIA

En San Juan, Puerto Rico, a 27 de junio de 2017.

Por los fundamentos expuestos, suspendemos inmediata e indefinidamente del ejercicio de la abogacía y de la notaría a la Lcda. Carmen Cardona Rodríguez.

En consecuencia, se le impone a la señora Cardona Rodríguez el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se apercibe a la señora Cardona Rodríguez que la presente acción disciplinaria no la exime de tener que subsanar, a sus expensas, las deficiencias señaladas por la ODIN en su obra notarial. Esa obligación subsiste y su desatención la expone al correspondiente procedimiento de desacato.

Toda vez que la señora Cardona Rodríguez prestó nueva Fianza Notarial con el CAPR el 28 de agosto de 2013 y en vista de su suspensión inmediata e indefinida del ejercicio de la notaría, se da por terminada la Fianza otorgada por el CAPR para garantizar sus funciones notariales, la cual se considerará buena y válida por tres años después de su

terminación por los actos realizados por esta durante el periodo en que la misma estuvo vigente.

Atendida la *Moción reiterando solicitud de relevo de representación legal* y la *Moción en cumplimiento de orden* de 26 de mayo de 2017, se declaran Ha Lugar a ambas.

Lo acordó y manda el Tribunal y lo certifica el Secretario del Tribunal Supremo.


                              Juan Ernesto Dávila Rivera
                            Secretario del Tribunal Supremo