EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Alfredo Cardona Álvarez | 2018 TSPR 111<br><br>200 DPR ____ |

Número del Caso: TS-3,627

Fecha: 13 de junio de 2018

Abogado del promovido:

   Por derecho propio

Oficina de Inspección de Notarías:

   Lcdo. Manuel Ávila De Jesús
   Director

Materia: Conducta Profesional: Censura enérgica por desatender los requerimientos de la Oficina de Inspección de Notarías y, de esa forma, cumplir tardíamente con la Ley Notarial de Puerto Rico y el Canon 9 de Ética Profesional.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Alfredo Cardona Álvarez          TS-3,627

PER CURIAM

San Juan, Puerto Rico, a 13 de junio de 2018.

Nos vemos obligados a ejercer nuestro poder disciplinario y censurar enérgicamente a un miembro de la profesión jurídica por cumplir tardíamente con la Ley Notarial de Puerto Rico, infra, y el Canon 9 de Ética Profesional, infra, al desatender los requerimientos de la Oficina de Inspección de Notarías (ODIN).

I

El 7 de mayo de 2018, el Lcdo. Manuel E. Ávila De Jesús, Director de la ODIN, presentó ante este Tribunal el Informe Especial sobre Incumplimiento de la Ley Notarial y su Reglamento/ Solicitud Urgente de Incautación Preventiva de Obra Protocolar (Informe). En esencia, señaló que el Lcdo. Alfredo Cardona Álvarez (licenciado Cardona Álvarez o promovido) se negó a expedir una copia certificada de una escritura pública, ello en contravención a los Arts. 43 y 44 de la Ley Notarial de Puerto Rico (Ley Notarial),

4 LPRA secs. 2065-2066.[1] Según surge del Informe, el 19 de diciembre de 2014, el licenciado Cardona Álvarez autorizó la escritura pública número treinta sobre compraventa, en la cual el Sr. Roberto Emil Pérez Rivera (señor Pérez Rivera o requirente) compareció como otorgante. Así las cosas, desde el 21 de julio de 2017, la representación legal del señor Pérez Rivera le solicitó al promovido que expidiera una copia certificada de la escritura mencionada para fines de presentar la misma en el Registro de la Propiedad. No obstante, el licenciado Cardona Álvarez se negó a expedir la copia certificada, dado que el requirente le adeudaba $500.00 en concepto de honorarios desde la otorgación de la escritura.

Según se desprende del Informe, para resolver la situación en controversia y tras la reiterada negativa del promovido, el 31 de enero de 2018, la representación legal del señor Pérez Rivera se comunicó con la ODIN. A esos efectos, la ODIN llevó a cabo la investigación correspondiente. Consecuentemente, se comunicó con ambos letrados y le solicitó al licenciado Cardona Álvarez coordinar con el requirente para la expedición de la copia certificada solicitada en o antes del 3 abril de 2018. A pesar de ello, la representación legal del señor Pérez

---

[1]El Lcdo. Alfredo Cardona Álvarez fue admitido al ejercicio de la abogacía el 24 de noviembre de 1970 y juramentó como notario el 13 de mayo de 1971.

Rivera le notificó a la ODIN que el licenciado Cardona Álvarez había incumplido con sus requerimientos y que no había podido comunicarse con él, a pesar de varios intentos. Empero, el 20 de abril de 2018, el promovido contestó el Informe y, en síntesis, alegó que su denegatoria a expedir la copia certificada se fundamentaba en los honorarios adeudados por el requirente. Ante ello, el Director de la ODIN se comunicó con el licenciado Cardona Álvarez y éste se negó nuevamente a expedir la copia certificada en cuestión. Por consiguiente, el Director de la ODIN instruyó a un inspector de protocolos y notarías visitar al promovido. En esa visita, éste último insistió nuevamente en su negativa de expedir la copia certificada.

Examinado el Informe, el 15 de mayo de 2018 emitimos una Resolución, notificada el 29 de mayo de 2018, en la cual le concedimos un término de diez días al licenciado Cardona Álvarez para que expidiera la copia certificada, lo acreditara ante este Tribunal y mostrara causa por la cual no debía ser suspendido inmediata e indefinidamente del ejercicio de la abogacía por desobedecer los requerimientos de la ODIN.

El 17 de mayo de 2018, compareció el promovido en contestación al Informe presentado por la ODIN. En síntesis, aceptó que se negó a entregar la copia certificada dado que el requirente le adeudaba los honorarios, los sellos de rentas internas y los

comprobantes de inscripción de cuando se otorgó la escritura. Entiéndase, el licenciado Cardona Álvarez alegó que "podía exigir el pago de los honorarios notariales como condición para expedir la copia certificada...". Contestación a Informe sobre Incumplimiento de la Ley Notarial y su Reglamento y Solicitud Urgente de Incautación Preventiva de Obra Protocolar, pág. 2. A su vez, señaló que ya presentó la escritura en el Registro de la Propiedad y que luego le envió la copia certificada al representante legal del señor Pérez Rivera. Sin embargo, según se desprende de su contestación, esta gestión fue producto de una comunicación con la otra parte otorgante de la escritura, quien se comprometió a pagar para que se expidiera la copia certificada. Además, el promovido argumenta que el procedimiento se debe llevar a cabo conforme al Art. 44 de la Ley Notarial, supra. Es decir, que de la decisión de la ODIN se debe recurrir a la sala competente del Tribunal de Primera Instancia. Por último, arguyó que este Tribunal se debe expresar sobre las situaciones como ésta, dado que el Art. 77 de la Ley Notarial, supra, sec. 2131, establece los honorarios correspondientes de los notarios.

Por último, el 31 de mayo de 2018, el licenciado Cardona Álvarez compareció nuevamente ante este Tribunal, en esta ocasión para responder sobre la posibilidad de ser disciplinado. En ésta, únicamente expresa que presentó

contestación al Informe en el cual señaló que ya expidió la copia certificada requerida.

## II

### A.

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. XI, C. 9, requiere que los abogados y abogadas se conduzcan con el mayor respeto hacia los tribunales. *In re* López Santiago, res. el 21 de febrero de 2018, 2018 TSPR 31, pág. 11 (*Per Curiam*). Conforme a ello, en múltiples ocasiones, hemos disciplinado a abogados que incumplen con su deber de contestar con diligencia los requerimientos de este Tribunal y acatar nuestras órdenes. *In re* Cesani Rodríguez, res. el 11 de mayo de 2018, 2018 TSPR 93, págs. 6-7 (*Per Curiam*); *In re* Vélez Rivera, res. el 8 de enero de 2018, 2018 TSPR 4, pág. 6 (*Per Curiam*). Sabido es que desatender nuestras órdenes es incompatible con la práctica de la profesión, ya que constituye una violación al Canon 9 del Código de Ética Profesional, supra, y menoscaba nuestro poder inherente de regular la profesión jurídica. *In re* Pérez Lugo, res. el 11 de mayo de 2018, 2018 TSPR 87, pág. 3 (*Per Curiam*); *In re* Vélez Rivera, supra. Consecuentemente, hemos sido tajantes al concluir que tal conducta conlleva la separación inmediata e indefinida del ejercicio de la abogacía. *In re* Torres

Hernández, res. el 11 de mayo de 2018, 2018 TSPR 86, pág. 4 (*Per Curiam*).

Así también, hemos expresado que lo anterior se extiende a los requerimientos de nuestros brazos operacionales, tales como la ODIN. *In re* Espino Valcárcel, res. el 13 de febrero de 2018, 2018 TSPR 30, pág. 8 (*Per Curiam*); *In re* Pratts Barbarossa, res. el 11 de enero de 2018, 2018 TSPR 5, pág. 7 (*Per Curiam*). De esta forma, hemos expresado que "[d]ebe quedar claro que los requerimientos que realiza la ODIN son análogos a las órdenes que hace este Foro, de manera tal que deben atenderse con igual premura y diligencia". *In re* Arocho Cruz, res. el 22 de mayo de 2018, 2018 TSPR 97, pág. 11. Así pues, hemos sancionado disciplinariamente por, entre otras cosas, haber desatendido los requerimientos de la ODIN. Íd.; *In re* Pratts Barbarossa, supra.

**B.**

Los notarios tienen la obligación de cumplir oportunamente con la Ley Notarial, su Reglamento y los cánones del Código de Ética Profesional. El incumplimiento con alguna de estas fuentes de obligaciones y deberes implica que el notario podría estar sujeto a acciones disciplinarias. Ello, ya que lesiona la confianza y la función pública que le fue confiada. *In re* Cardona Rodríguez, 198 DPR 494, 499 (2017).

Específicamente, la Ley Notarial y su Reglamento establecen que tienen derecho a obtener copia certificada

de una escritura los otorgantes, sus representantes, los causahabientes y todas las personas a cuyo favor resulte de la escritura un derecho, entre otros. 4 LPRA sec. 2065; 4 LPRA Ap. XXIV, R. 47. Sobre la negativa por parte del notario en expedir una copia certificada, el Art. 44 de la Ley Notarial, supra, señala que se podrá acudir ante el Director de la ODIN. "Si la decisión fuese ordenando la expedición de la copia, el notario lo hará constar en la nota de expedición de la copia en la escritura matriz y en la nota de certificación de la misma copia". Íd. Por el contrario, si la negativa es confirmada se podrá recurrir ante la sala competente del Tribunal de Primera Instancia. Según ese artículo, la resolución que emita ese foro será revisable mediante certiorari ante este Tribunal Supremo.

Sobre la negativa por parte del notario en expedir una copia certificada de una escritura pública, este Tribunal ha expresado lo siguiente:

> [L]os honorarios del notario por certificar una copia están predispuestos en la ley. Por ende, **si una parte interesada satisface esos honorarios y derechos de rentas internas, el notario no puede negarse a prestar ese servicio bajo pretexto de que no le han pagado otros honorarios no arancelarios, aun por servicios legítimos prestados** (*v.g.*, estudios de título, redacción de contrato o estudios de cláusulas extraordinarias). **Tiene que expedir la copia certificada**. Véase *Román v. Agosto*, 27 D.P.R. 574 (1919). Claro está, un notario a quien no le pagan previamente los honorarios estipulados en ley o los sellos de rentas internas no viene obligado a otorgar, dar fe, ni autenticar el instrumento concernido. Si el interesado no retribuye sus honorarios y el monto de sellos de rentas internas, el notario puede lícitamente excusarse y abstenerse de intervenir y legitimar el negocio.

Razones poderosas fundadas en la naturaleza y función eminentemente pública del quehacer notarial, nos mueven a concluir que una vez el notario autoriza una escritura, no puede sustraerla, como tampoco condicionar la juridicidad de haber dado fe, fundado en que no se han satisfecho sus honorarios no arancelarios. Desde el momento que opta por realizar el acto notarial se expone a que queden relegados a segundo plano tales honorarios no arancelarios y por ende forzado a instar una acción ordinaria para cobrarlos al amparo del Art. 1473 del Código Civil. 31 L.P.R.A. sec. 4111. A poco reflexionemos nos percatamos de que es la única interpretación compatible con la función pública y el ejercicio excelente de la práctica notarial que rechaza toda noción de afán de lucro desmedido. Un notario puede arriesgarse --pero no viene compelido a autorizar determinada escritura-- sin haber recibido sus honorarios no arancelarios y los arancelarios, inclusive los sellos de rentas internas correspondientes. (Énfasis suplido) (Escolio omitido) *In re* Feliciano, 115 DPR 172, 180-181 (1984).

A la luz del marco jurídico expuesto, procedemos a evaluar la conducta desplegada por el licenciado Cardona Álvarez.

**III**

En este caso, no existe controversia que el promovido se negó a expedir oportunamente la copia certificada de la escrituras públicas del señor Pérez Rivera. Así lo aceptó el licenciado Cardona Álvarez en su contestación al Informe. Su única defensa fue que el requirente no había cumplido con su compromiso de pagar los honorarios, los sellos de rentas internas y los comprobantes de inscripción de cuando se otorgó la escritura. A esos efectos, y ante su tenaz determinación de no entregar la copia certificada, fue necesario que el representante

legal del requirente acudiera ante la ODIN. Ésta última, después de analizar la situación de hechos, concluyó que el licenciado Cardona Álvarez, conforme la Ley Notarial y su Reglamento, debía emitir la copia certificada en controversia. No obstante tal requerimiento de la ODIN, el promovido no lo acató. No es hasta que nos fue remitido el correspondiente Informe y que, además, la otra parte otorgante de la escritura solicitó la copia certificada, que el licenciado Cardona Álvarez procedió a emitirla.

Queda claro que las actuaciones del licenciado Cardona Álvarez fueron contrarias a la Ley Notarial, su Reglamento y la jurisprudencia interpretativa correspondiente. El promovido no podía negarse a expedir la copia certificada de la escritura pública por el fundamento de existir una deuda de honorarios. Como bien expusimos anteriormente, la función del notario es una eminentemente pública. Tan pronto acepta realizar un acto notarial está obligado a cumplir con todas las formalidades exigidas por ley, aun cuando le adeuden honorarios. En este caso, a pesar que el requirente le hubiera adeudado honorarios por los servicios que ya había prestado, estaba obligado a emitir la copia certificada, siempre y cuando el requirente de la copia certificada cumpliese con los requisitos de expedición dispuestos en el ordenamiento notarial.

Por otra parte, el promovido ha incumplido los requerimientos de nuestro brazo operacional, la ODIN. Ello

en violación al Canon 9 del Código de Ética Profesional, supra. Tan pronto la ODIN emitió una determinación sobre la denegatoria de la expedición de la copia certificada, el licenciado Cardona Álvarez, conforme la Ley Notarial, estaba obligado a emitirla y hacerlo constar en la nota de expedición de la escritura matriz y de la misma copia expedida. Por tanto, no era aplicable el procedimiento de acudir al Tribunal de Primera Instancia. Ello, debido a que la ley sólo permite tal proceder cuando la ODIN confirma la denegatoria del notario. Al no expedir la copia certificada, el promovido incumplió su función pública notarial y actuó en violación ética. A su vez, en su comparecencia ante este Tribunal en cumplimiento de nuestra orden para que mostrara causa por la cual no debía ser suspendido, el licenciado Cardona Álvarez no nos ofreció razones justificadas por la cual no debamos disciplinarlo por no atender los requerimientos de la ODIN y haber incumplido con la Ley Notarial y su Reglamento.

Como hemos expresado, la función notarial exige un alto cuidado, diligencia y esmero. Ello incluye el estricto cumplimiento con la Ley Notarial, su Reglamento y los cánones de Ética Profesional. Si se aparta de esta normativa, el notario está sujeto a acciones disciplinarias. Los hechos aquí presentados demuestran que el licenciado Cardona Álvarez fue incapaz de acatar los rigores de la Ley Notarial y su Reglamento, según corresponde.

**IV**

Al amparo de los fundamentos que anteceden, se censura enérgicamente al Lcdo. Alfredo Cardona Álvarez por sus actuaciones. Se le apercibe de que futuros incumplimientos a la notaría y su reglamento podrán conllevar la separación permanente del ejercicio profesional. Asimismo, se le advierte que en lo sucesivo deberá atender con premura los requerimientos de la ODIN y de cualquier otro brazo operacional de este Tribunal.

Notifíquese personalmente al Lcdo. Alfredo Cardona Álvarez esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Alfredo Cardona Álvarez          TS-3627



SENTENCIA


San Juan, Puerto Rico, a 13 de junio de 2018.

Al amparo de los fundamentos que anteceden, se censura enérgicamente al Lcdo. Alfredo Cardona Álvarez por sus actuaciones. Se le apercibe de que futuros incumplimientos a la notaría y su reglamento podrán conllevar la separación permanente del ejercicio profesional.

Asimismo, se le advierte que en lo sucesivo deberá atender con premura los requerimientos de la ODIN y de cualquier otro brazo operacional de este Tribunal.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Lcdo. Alfredo Cardona Álvarez.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez y la Juez Presidenta Interina señora Rodríguez Rodríguez no intervinieron.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo