EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2019 TSPR 175 |
| | |
| Luis R. Rivera Medina | 203 DPR ____ |

Número del Caso:  TS-14,207

Fecha:  9 de septiembre de 2019

 Abogado del Lcdo. Luis R. Rivera Medina:

     Por derecho propio

Oficina de Inspección de Notarías:

     Manuel E. Ávila De Jesús
     Director

Materia:  La suspensión será efectiva el 9 de septiembre de 2019, fecha en que se le notificó al abogado por correo electrónico de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Luis R. Rivera Medina | TS-14,207 | |

*PER CURIAM*

En San Juan, Puerto Rico, a 9 de septiembre de 2019.

Nuevamente nos vemos en la obligación de ejercer nuestra facultad disciplinaria en contra de un letrado debido a su incumplimiento con la Ley Notarial de Puerto Rico, 4 LPRA sec. 2001 *et seq.*, el Reglamento Notarial de Puerto Rico, 4 LPRA Ap. XXIV, así como por su indiferencia hacia las órdenes de este Tribunal, y la desatención a los requerimientos de la Oficina de Inspección de Notarías (ODIN). En esta ocasión, suspendemos inmediata e indefinidamente al Lcdo. Luis R. Rivera Medina del ejercicio de la abogacía y la notaría.

I

El Lcdo. Luis R. Rivera Medina (licenciado Rivera Medina) fue admitido al ejercicio de la abogacía el 7 de agosto de 2002 y juramentó como notario el 29 de agosto del mismo año.

El 15 de mayo de 2019, el Lcdo. Manuel E. Ávila De Jesús, Director de la ODIN, presentó ante nos un *Informe*

*especial sobre incumplimiento en la corrección de deficiencias notificadas y recomendando suspensión del ejercicio de la notaría (Informe especial).* Conforme al mismo, el 1 de junio de 2017, la Lcda. Ana C. Díaz Velasco, entonces Directora Auxiliar de la ODIN, dirigió un comunicado al licenciado Rivera Medina por medio del cual le informó que el examen de su obra protocolar, formada para los años naturales 2002 al 2017, había sido pautado para el 6 de julio de 2017 a partir de las 9:00 de la mañana, en las oficinas administrativas de la ODIN. Asimismo, le notificó al letrado que su caso había sido asignado a la Lcda. Mari-Linne Bon Corujo, Inspectora de Protocolos y Notarías (licenciada Bon Corujo o Inspectora de Protocolos), y que tenía la responsabilidad de trasladar los tomos de los protocolos formados y los volúmenes del Libro de Registro de Testimonios que se encontraban bajo su custodia. Finalmente, le apercibió que la fecha notificada para encaminar el trámite de inspección no sería pospuesta salvo justa causa.

Así las cosas, tras concluir el ciclo formal de inspección establecido al amparo de la Regla 77 del Reglamento Notarial, 4 LPRA Ap. XXIV, R. 77, el 12 de febrero de 2019, la Inspectora de Protocolos suscribió un documento intitulado *Informe sobre Deficiencias en la Notaría del Lcdo. Luis Roberto Rivera Medina, Notario Número 14207.* En síntesis, la licenciada Bon Corujo enunció

que el 3 de agosto de 2017, examinó los protocolos entregados por el licenciado Rivera Medina, correspondientes a los años 2002 al 2005. Señaló que los tomos de los años 2002 y 2003 fueron aprobados, mas, los protocolos de los años 2004 y 2005 fueron devueltos al licenciado Rivera Medina para su corrección. Asimismo, esbozó que a pesar de haberle concedido al letrado hasta el 14 de septiembre de 2017 para que entregara el resto de los protocolos que restaban por inspeccionar, este solo entregó dos tomos del año 2013 y solicitó un término adicional para encuadernar los demás protocolos, los cuales se comprometió a entregar junto al Libro de Registro de Testimonios.

La licenciada Bon Corujo explicó además que, una vez la ODIN restableció sus operaciones tras el paso del Huracán María, realizó la inspección de los tomos del protocolo formado para el año 2013. Para ese entonces, el licenciado Rivera Medina hizo entrega de los protocolos de los años 2006 y 2007. Más adelante, en octubre de 2018, el notario entregó varias escrituras sueltas para los años 2007, 2010, 2011, 2012, 2014, 2015, 2016 y 2017.

En el *Informe de Deficiencias*, la licenciada Bon Corujo expresó que la inspección de la obra protocolar del licenciado Rivera Medina, formada para los años naturales 2002 al 2017, reflejó una deuda arancelaria ascendente a la cantidad de $12,976.50, lo que impidió la aprobación de los protocolos formados durante los años naturales 2004 al

2017, inclusive. Indicó, además, que dicha deuda no contemplaba la deficiencia arancelaria que podía existir en el protocolo formado por el notario durante el año natural 2018 -el cual aún no había sido inspeccionado- ni en los volúmenes del Libro de Registro de Testimonios. En cuanto a esto último, afirmó que, a pesar de los múltiples requerimientos a esos fines, el licenciado Rivera Medina no había entregado los dos volúmenes del Libro de Registro de Testimonios que tenía a su cargo, los cuales, al 31 de diciembre de 2018, contenían un total de 1,865 asientos legitimados. Finalmente, la Inspectora de Protocolos expresó que el licenciado Rivera Medina tampoco había subsanado los señalamientos no arancelarios que le fueron informados.

El 12 de febrero de 2019, la ODIN envió un comunicado al licenciado Rivera Medina por medio del cual le notificó el *Informe sobre deficiencias* al licenciado Rivera Medina y le confirió a este un término de quince (15) días para que expresara su posición sobre dicho *Informe* y para que acreditara la cancelación de la deficiencia arancelaria allí notificada. La ODIN apercibió al notario que de incumplir con lo requerido, consideraría presentar el informe de rigor ante este Tribunal.

Pasado el término concedido sin recibir respuesta al requerimiento cursado, el 19 de marzo de 2019, la ODIN le envió una segunda misiva al licenciado Rivera Medina. En

esta, le otorgó una segunda y última oportunidad para que presentara su reacción sobre el *Informe sobre Deficiencias* remitido, certificara la cancelación de la deficiencia arancelaria notificada e hiciera entrega de su Libro de Registro de Testimonios. Además, le apercibió que, de hacer caso omiso al requerimiento, elevaría el asunto con carácter de urgencia ante este Foro. **No habiendo recibido respuesta por parte del licenciado Rivera Medina dentro del término otorgado, la ODIN compareció ante nos mediante el** *Informe especial* **al que hemos hecho referencia.**

Así las cosas, el 5 de junio de 2019, emitimos una *Resolución* en la que le concedimos al licenciado Rivera Medina cinco (5) días para que mostrara causa por la cual no debíamos suspenderlo inmediata e indefinidamente del ejercicio de la notaría. Oportunamente, el licenciado Rivera Medina solicitó una prórroga de quince (15) días para cumplir con nuestra orden del 5 de junio. Planteó que no estaba de acuerdo con ciertas cuantías dispuestas en el *Informe de deficiencias*, lo que hacía necesario dialogar con la Inspectora de Protocolos previo a dirigirse a este Tribunal. Ante ello, el 9 de julio de 2019, emitimos una *Resolución* en la que conferimos al letrado un término final e improrrogable de quince (15) días para que cumpliera con nuestra *Resolución* del 5 de junio de 2019. **No obstante, el letrado no compareció dentro del término provisto.**

Así el trámite, el 30 de julio de 2019, la ODIN presentó ante nos una *Moción notificando incumplimiento de orden y en solicitud de remedios*. Además de exponer que el término otorgado al licenciado Rivera Medina había vencido sin que este hubiese cumplido con la orden de este Tribunal, señaló que la licenciada Bon Corujo emitió un *Informe suplementario sobre deficiencias* en el que hizo constar las gestiones realizadas para comunicarse con el letrado. En particular, la Inspectora de Protocolos indicó que el 9 y 17 de julio de 2019, intentó comunicarse con el licenciado Rivera Medina vía correo electrónico para discutir los pormenores del proceso de subsanación de su obra protocolar, pero no recibió respuesta por parte de este. Afirmó que, en el primer correo electrónico enviado al letrado, incluyó copia del Informe de Señalamientos relacionado con el tomo de protocolo autorizado por este en el año 2018, el cual reflejaba una deficiencia arancelaria de $1,200.00 y se encontraba sin encuadernar. Asimismo, manifestó que el 23 de julio de 2019, el licenciado Rivera Medina se comunicó con ella vía telefónica y le expresó que se encontraba en los Estados Unidos, en donde comenzó a trabajar. En esa comunicación, el notario indicó también que dejó parte de su obra protocolar -sin custodiar ni designar notario sustituto- en la residencia de su señora madre y que no estaba disponible para subsanar las

deficiencias señaladas en su obra protocolar, por lo que se allanaría a la determinación que tomara este Tribunal.

Finalmente, la licenciada Bon Corujo destacó que la deuda arancelaria encontrada en los protocolos del licenciado Rivera Medina examinados, incluyendo parte del protocolo del año 2018, ascendía a $14,727.50. Ello, sin tomar en consideración que el Libro de Registro de Testimonios aún no ha sido inspeccionado. Esbozó, además, que en la obra protocolar del licenciado Rivera Medina quedaban señalamientos no arancelarios pendientes de subsanar.

Ante el escenario descrito, la ODIN nos recomendó –entre otras acciones– que separáramos inmediata e indefinidamente al licenciado Rivera Medina del ejercicio de la notaría; incautáramos la obra protocolar que se encontraba en la residencia de su señora madre y; **de así entenderlo prudente**, le proveyéramos término para que mostrara causa por la cual no debía ser separado del ejercicio de la abogacía, por incumplir con los requerimientos cursados por este Tribunal.

Por su parte, el 2 de agosto de 2019, el licenciado Rivera Medina presentó una *Moción informativa y solicitud de suspensión voluntaria de la práctica de la notaría* (Moción informativa). Esbozó que había conversado con la Inspectora de Protocolos sobre el estatus de la inspección de su obra notarial y el tiempo para subsanar las faltas

señaladas. Afirmó que, luego de tomar en consideración varios factores, había llegado a la conclusión de que lo correcto era allanarse a que se le suspendiera de la práctica de la notaría o que se le permitiera cesar dicha práctica voluntariamente durante el tiempo que tomara el proceso de corrección de faltas y mientras estuviera fuera de la jurisdicción de Puerto Rico. Además, indicó que hizo entrega a la ODIN de todos los tomos de la obra protocolar formada para los años 2002 al 2018, el Libro de Registro de Testimonios y su sello notarial. Asimismo, expresó que su situación económica lo obligó a buscar empleo fuera de Puerto Rico y que fue esa misma situación la que le impidió corregir las faltas que le fueron señaladas, por carecer de dinero para la compra de sellos. Finalmente, informó que se encuentra desempeñándose como abogado en asuntos de inmigración en un bufete ubicado en el estado de la Florida, así como las direcciones de su lugar de empleo y del lugar en donde reside. De esta forma, el licenciado Rivera Medina solicitó que decretáramos su suspensión o baja voluntaria del ejercicio de la notaría.

El 20 de agosto de 2019, emitimos una Resolución en la que concedimos un término de cinco (5) días a la ODIN para que se expresara sobre la Moción informativa presentada por el licenciado Rivera Medina y proveyera una actualización de la deuda arancelaria acumulada por este. Otorgamos, además, el mismo término al licenciado Rivera Medina para

que acreditara a este Tribunal el pago de los aranceles adeudados los cuales en ese momento ascendían a $14,727.50. En dicha Resolución apercibimos al letrado que su incumplimiento con lo ordenado lo exponía a la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría.

Oportunamente, la ODIN compareció ante nos mediante una *Moción en cumplimiento de orden*. Expresó que se reiteraba en lo expuesto en el *Informe especial* y en la *Moción notificando incumplimiento de orden*, presentadas el 15 de mayo de 2019 y 30 de julio de 2019, respectivamente. A su vez, **indicó que la deuda arancelaria del licenciado Rivera Medina aumentó a $14, 881.50, la cual está compuesta de dos partidas, a saber: $13,297.50 en sus tomos de Protocolo y $1,584.00 en su Libro de Registro de Testimonios**. La ODIN acompañó la referida Moción de un *Informe final sobre deficiencias en la notaría del Lcdo. Luis Roberto Rivera Medina […]* del cual surge que el 26 de julio de 2019, la Sra. Lillian Medina Castro, madre del letrado, entregó a la ODIN el protocolo del año 2013 y los tomos de los años 2002 y 2003; el Registro de Testimonios (del 1 al 1118) y; $1,185.00 en sellos de rentas internas, asistencia legal e impuesto notarial y el sello notarial. En el *Informe final* la Inspectora de Protocolos enunció que una inspección del Libro de Registro de Testimonios del letrado arrojó que este adeuda un total de $1,584.00 en

sellos y que faltan las entradas de los asientos 1119 al 1865, cuyos sellos son de cinco dólares ($5.00), los cuales el letrado ha manifestado tiene bajo su custodia. Por último, expresó que el protocolo del año 2018 permanece sin encuadernar y que la deuda total arancelaria, actualizada al 21 de agosto de 2019, asciende a $14,881.00.

Por su parte, el 4 de septiembre de 2019, el licenciado Rivera Medina presentó una *Moción informativa y solicitud de suspensión voluntaria de la práctica de la notaría*, en la que reconoció la existencia de una deuda arancelaria y solicitó no ser suspendido del ejercicio de la abogacía.

Con estos hechos fácticos en mente, pasamos a examinar las disposiciones legales aplicables.

II

En nuestra jurisdicción, los notarios están obligados al estricto cumplimiento de la Ley Notarial de Puerto Rico, Ley Núm. 75 de 2 de julio de 1987, 4 LPRA sec. 2001 *et seq.* (Ley Notarial), su reglamento y los cánones del Código de Ética Profesional. Conforme a ello, hemos señalado que el incumplimiento del notario con una de estas fuentes de obligaciones da lugar a "la acción disciplinaria correspondiente no s[o]lo en la función de [e]ste como notario, sino también como abogado". *In re Cardona Rodríguez*, 198 DPR 494, 499 (2017), citando a *In re Salas González*, 193 DPR 387 (2015).

Entre los deberes impuestos por nuestro ordenamiento a los notarios se encuentra el de adherir y cancelar los sellos arancelarios al momento de autorizar los documentos públicos que otorgan. *In re Collazo Santiago*, 2018 TSPR 204, 201 DPR ___ (2018). Valga señalar que, debido a que podría conllevar la ineficacia y anulabilidad de estos documentos públicos en perjuicio de los otorgantes o terceros, defrauda al erario y podría resultar en la configuración del delito de apropiación ilegal, hemos catalogado el incumplimiento con este deber como una falta grave. *Íd.*; *In re Cardona Rodríguez*, supra, pág. 500.

De otro lado, el ordenamiento notarial también regula la forma en la que los notarios habrán de llevar y mantener los protocolos. Ello responde al hecho de que los protocolos pertenecen al Estado, siendo los notarios meros custodios de los mismos. *In re Cardona Rodríguez*, supra, pág. 500. A esos efectos, los notarios tienen la obligación de cumplir con los siguientes deberes, entre otros: no ausentarse más de tres (3) meses de su oficina; tener los protocolos del año anterior encuadernados a más tardar el último día del mes de febrero del año en curso; y corregir con suma diligencia los incumplimientos con estas disposiciones legales una vez son señaladas por el Inspector de Protocolos. *Íd.*, págs. 500-501. Además, tanto la Ley Notarial como el Reglamento Notarial prohíben el traslado físico de los Protocolos de la oficina del notario

sin un decreto judicial a esos fines o una autorización de la ODIN. Ese requisito solo podría prescindirse en caso de una emergencia en la que la integridad de los Protocolos estuviese en peligro. *In re Morales Maldonado*, 193 DPR 340, 346 (2015); Art. 53 de la Ley Notarial, 4 LPRA sec. 2077; Regla 58 del Reglamento Notarial, 4 LPRA Ap. XXIV, R. 58. Asimismo, la Ley Notarial requiere que los notarios notifiquen al Secretario de este Tribunal y al Director de la ODIN los cambios de la oficina notarial. Art. 7 de la Ley Notarial, 4 LPRA sec. 2011.

Por otra parte, es indisputable que los notarios no pueden asumir una actitud pasiva ante los señalamientos que haga la ODIN en torno a las deficiencias encontradas en sus obras notariales. El asumir tal actitud da lugar a una violación del Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, el cual exige que los abogados atiendan pronta y diligentemente las órdenes de todos los tribunales. *In re Collazo Santiago*, supra; *In re Crespo Peña*, 195 DPR 318, 321 (2016). En ese contexto, hemos señalado que "[**l**]**a desatención de las órdenes y los requerimientos judiciales constituye un serio agravio a la autoridad de los tribunales, lo que representa una infracción a este canon**". (Énfasis suplido). *In re Pachecho Pacheco*, 192 DPR 553, 560 (2015). Por esta razón, "**los abogados tienen la obligación inexcusable de atender y responder pronta y rigurosamente nuestras órdenes y requerimientos, en especial aquellos**

**referentes a la investigación, tramitación y resolución de quejas y procesos disciplinarios**". (Énfasis suplido). Íd., págs. 560-561.

Por último, hemos afirmado que: "cuando un notario incumple con sus obligaciones y deberes notariales, procede la acción disciplinaria en su función como notario y también como abogado, pues al no practicar con celo la notaría, lesiona la confianza y la función pública que le fueron confiadas". *In re Collazo Santiago*, supra; *In re Abendaño Ezquerro*, 198 DPR 677, 682 (2017); In re Salas González, 193 DPR 387, 391 (2015).

### III

Del trámite expuesto se desprende que el licenciado Rivera Medina omitió adherir y cancelar los sellos arancelarios de los documentos públicos al momento de autorizarlos, dando lugar a una deuda arancelaria de $14,881.50. Dicha conducta constituye una falta grave. Asimismo, el letrado no encuadernó todos los tomos de los Protocolos dentro del término que tenía para hacerlo y -a pesar de que entregó su obra protocolar, Libro de Registro de Testimonios y sello notarial a la ODIN- originalmente trasladó parte de su obra protocolar a la casa de su señora madre sin contar con la autorización para ello. Por si fuera poco, el licenciado Rivera Medina incumplió con múltiples órdenes y requerimientos hechos por la ODIN y este Tribunal, y se mostró indiferente ante nuestro

apercibimiento de imponerle sanciones disciplinarias por la conducta desplegada.

Sin duda, el comportamiento del licenciado Rivera Medina denota un grave desinterés en llevar a cabo los deberes impuestos por nuestro ordenamiento notarial. Ciertamente, la desatención a los requerimientos hechos por la ODIN y a las órdenes de este Tribunal, ante serias deficiencias que incluyen una deuda arancelaria de $14,881.50, resulta en un agravio a la autoridad de este Tribunal y en una infracción del Canon 9 de Ética Profesional, *supra*, lo que no puede dar lugar a otra sanción que no sea la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría.

IV

Se decreta la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría del Lcdo. Luis R. Rivera Medina. Por consiguiente, se le impone el deber de notificar a todos sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos donde tenga algún asunto pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

De otro lado, la fianza notarial queda automáticamente cancelada y se considerará buena y válida por tres (3) años después de su terminación en cuanto a actos realizados por el señor Rivera Medina durante el periodo en que la misma estuvo vigente.

Se apercibe al señor Rivera Medina que esta acción disciplinaria no lo exime de corregir, a sus expensas, las faltas señaladas por la ODIN en su obra notarial. Por lo tanto, le concedemos un término de treinta (30) días a partir la notificación de esta Opinión *Per Curiam*, para subsanar las deficiencias arancelarias de su obra notarial y contratar, a su costo, a un notario para corregir cualquier otra deficiencia señalada.

Se refiere el asunto de la deuda arancelaria al Departamento *de* Justicia de Puerto Rico para la acción correspondiente. Notifíquese esta Opinión *Per Curiam* y Sentencia al Sr. Luis R. Rivera Medina por correo certificado y correo electrónico, por encontrarse fuera de Puerto Rico. Notifíquese además al United States District Court for the Middle District of Florida y a la firma de abogados Teruya & Sterling Attorneys at Law, lugar de trabajo del Sr. Luis R. Rivera Medina.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | | |
|--------|--|--|
| Luis R. Rivera Medina | TS-14,207 | |

SENTENCIA

En San Juan, Puerto Rico, a 9 de septiembre de 2019.

Se decreta la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría del Lcdo. Luis R. Rivera Medina. Por consiguiente, se le impone el deber de notificar a todos sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos donde tenga algún asunto pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

De otro lado, la fianza notarial queda automáticamente cancelada y se considerará buena y válida por tres (3) años después de su terminación en cuanto a actos realizados por el señor Rivera Medina durante el periodo en que la misma estuvo vigente.

Se apercibe al señor Rivera Medina que esta acción disciplinaria no lo exime de corregir, a sus expensas, las faltas señaladas por la ODIN en su obra notarial. Por lo tanto, le concedemos un término de treinta (30) días a partir la notificación de esta Opinión *Per Curiam*, para subsanar las deficiencias arancelarias de su obra notarial y contratar, a su costo, a un notario para corregir cualquier otra deficiencia señalada.

Se refiere el asunto de la deuda arancelaria al Departamento de Justicia de Puerto Rico para la acción correspondiente.

Notifíquese esta Opinión *Per Curiam* y Sentencia al Sr. Luis R. Rivera Medina por correo certificado y correo electrónico, por encontrarse fuera de Puerto Rico.

Notifíquese además al United States District Court for the Middle District of Florida y a la firma de abogados Teruya & Sterling Attorneys at Law, lugar de trabajo del Sr. Luis R. Rivera Medina.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. La Juez Asociada señora Rodríguez Rodríguez y el Juez Asociado señor Rivera García no intervinieron.


Sonnya Isabel Ramos Zeno
Secretaria del Tribunal Supremo Interina