*In re* LCDO. JAVIER ABENDAÑO EZQUERRO.

*Número:* TS-13,415      *Resuelto:* 26 de julio de 2017

*Manuel E. Ávila de Jesús*, director de la Oficina de Inspección de Notarías, en informe; *Ruth Castro Algarín*, abogada del peticionario; *Javier Abendaño Ezquerro, pro se.*

PER CURIAM:

I

El Lcdo. Javier Abendaño Ezquerro fue admitido al ejercicio de la abogacía el 30 de enero de 2001 y prestó juramento como notario el 12 de febrero de 2002.

El 10 de mayo de 2017, el Lcdo. Manuel E. Ávila de Jesús, Director de la Oficina de Inspección de Notarías (ODIN), nos solicitó la incautación cautelar de la obra notarial del licenciado Abendaño Ezquerro. Debido a que durante el proceso de inspección inicial de la obra protocolar del notario, los Protocolos formados para los años naturales 2004–2011, inclusive, no pudieron ser aprobados toda vez que existe una deuda arancelaria por la cantidad de *ciento ochenta mil novecientos veintiséis dólares con cincuenta centavos ($180,926.50)*. Además, manifestó que la deficiencia arancelaria pudiera aumentar, toda vez que la

obra protocolar autorizada por el notario para los años 2012–2016, inclusive, así como sus tomos del Libro de Registro de Testimonios (Asientos Núms. 1–4,053), no habían podido ser examinados.[1]

ODIN nos informó que el Informe Estado de la Notaría Lcdo. Javier Abendaño Ezquerro, Notario Núm. 13,415 de 31 de marzo de 2017, rendido al amparo de la Regla 77k del Reglamento Notarial, 4 LPRA Ap. XXIV, le fue comunicado al notario tanto vía correo electrónico como mediante correo regular a la dirección de notificaciones oficiales del notario que obra en el Registro Único de Abogados y Abogadas (RUA). En este se le informó al notario que la deficiencia arancelaria impedía la aprobación de su obra protocolar para los años naturales 2004-2011. Asimismo, se le requirió expresarse sobre la comunicación remitida dentro del término de quince (15) días naturales a partir del recibo del documento y de la obligación de cancelar la deficiencia arancelaria notificada. De igual forma, se le apercibió de la importancia de atender los requerimientos cursados por ODIN y que, de incumplirlos, ODIN consideraría presentar el Informe ante este Tribunal para el trámite correspondiente. No obstante, el término transcurrió y el notario no reaccionó a la comunicación de ODIN.

Así las cosas, el 25 de abril de 2017, ODIN le envió una segunda misiva en la que le expresó los pormenores de la comunicación inicial y le otorgó un nuevo término final e improrrogable para acreditar la subsanación de las deficiencias notificadas. Sin embargo, el licenciado Abendaño Ezquerro incumplió con los requerimientos de ODIN.

---

[1] Específicamente, el licenciado Abendaño Ezquerro autorizó la obra siguiente que no ha podido ser inspeccionada:

   a. Año 2012-232 Instrumentos Públicos (9 tomos)
   b. Año 2013-177 Instrumentos Públicos (8 tomos)
   c. Año 2014-99 Instrumentos Públicos (4 tomos)
   d. Año 2015-36 Instrumentos Públicos (2 tomos)
   e. Año 2016-26 Instrumentos Públicos (1 tomo)
   f. Año 2017-5 Instrumentos Públicos hasta marzo de 2017.

En vista de lo anterior, mediante Resolución de 25 de mayo de 2017 autorizamos la incautación preventiva de la obra protocolar autorizada por el licenciado Abendaño Ezquerro desde el 2002 hasta el presente, así como su sello notarial. Asimismo, le concedimos al licenciado Abendaño Ezquerro un término de veinte (20) días para que subsanara las deficiencias de su obra notarial, incluyendo la deficiencia arancelaria y mostrara causa por la cual no debía ser suspendido de manera inmediata e indefinida del ejercicio de la notaría. De igual forma, le apercibimos que, de no cumplir con lo requerido, se le suspendería indefinidamente del ejercicio de la abogacía y la notaría y se referiría la deuda al Departamento de Justicia para la acción correspondiente. La Resolución fue notificada personalmente y la obra protocolar fue incautada el 2 de junio de 2017. No obstante, transcurrido el término concedido, el licenciado Abendaño Ezquerro no ha comparecido ante nos.

Examinemos entonces las disposiciones éticas aplicables.

## II

■ Reiteradamente hemos señalado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. *In re Bello Rivera*, 192 DPR 812 (2015); *In re De Jesús Román*, 192 DPR 799 (2015). Así, el Canon 9, *supra*, dispone que todo abogado deberá observar hacia los tribunales el mayor respeto y diligencia. Asimismo, la naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal. *In re Bello Rivera*, supra; *In re Pacheco Pacheco*, 192 DPR 553 (2015).

■ Por ello, hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle

sanciones disciplinarias. Por los mismos fundamentos, el incumplimiento con los requerimientos de entidades a las cuales le hemos delegado alguna función en las tareas de regular el ejercicio de la profesión, entre ellas, ODIN, la Oficina del Procurador General y el Programa de Educación Jurídica Continua, conlleva idéntica sanción. *In re Ezratty Samo et al.*, 194 DPR Ap. (2016); *In re Pacheco Pacheco*, 192 DPR 553 (2015); *In re Sosa Suárez*, 191 DPR 261 (2014).

■ Particularmente con relación a la notaría, un notario no puede asumir una actitud pasiva ante los señalamientos de ODIN en torno a las deficiencias de su obra notarial. Esto pues, la práctica de la notaría requiere el mayor celo en el cumplimiento de los deberes que le impone la ley y el ordenamiento ético. Por lo tanto, tratar con laxitud los señalamientos de ODIN también configura una violación al Canon 9, *supra*. Véanse: *In re Candelario Lajara II*, 2017 TSPR 59, 197 DPR Ap. (2017); *In re Amiama Laguardia*, 196 DPR 844 (2016); *In re Lebrón Arroyo*, 194 DPR 932 (2016).

■ Los notarios están obligados al estricto cumplimiento del ordenamiento notarial. Como hemos expresado repetidamente, el incumplimiento del notario con las obligaciones y los deberes que le impone su función notarial conlleva ineludiblemente la acción disciplinaria correspondiente no solo en la función de éste como notario, sino también como abogado. *In re Capestany Rodríguez*, 148 DPR 728, 733 (1999). Esto, pues lesiona la confianza y la función pública que le fueron confiadas. Íd.; *In re Salas González*, 193 DPR 387 (2015).

■ Entre los deberes que le son impuestos a los notarios está el deber de adherir y cancelar los sellos arancelarios correspondientes al momento de autorizar los documentos públicos que otorga. 4 LPRA sec. 2021. Véase *In re Troche Mercado*, 194 DPR 747, 752 (2016). El incumpli-

miento con ese deber expone a la anulabilidad e ineficacia jurídica de estos documentos en perjuicio de los otorgantes o de terceros, defrauda el erario y podría resultar en la configuración del delito de apropiación ilegal. *In re Capestany Rodríguez*, supra, págs. 734–735; *In re Troche Mercado*, supra.

### III

La obra notarial del licenciado Abendaño Ezquerro sufre de serias deficiencias notariales, especialmente de una deuda arancelaria preliminar ascendente a *ciento ochenta mil novecientos veintiséis dólares con cincuenta centavos ($180,926.50)*.

A su vez, el licenciado Abendaño Ezquerro no ha comparecido ante la ODIN ni ante este Tribunal. Este comportamiento es intolerable no solo ante el agravio a nuestra autoridad, sino también ante el efecto que pueda tener para los otorgantes y terceros por todos los documentos expuestos a la anulabilidad e ineficacia jurídica por el incumplimiento del licenciado Abendaño Ezquerro en adherir y cancelar los sellos correspondientes.

### IV

Por los fundamentos expuestos, *suspendemos inmediata e indefinidamente del ejercicio de la abogacía y de la notaría al Lcdo. Javier Abendaño Ezquerro.*

En consecuencia, *se le impone al señor Abendaño Ezquerro el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, en el término de treinta*

*(30) días contados a partir de la notificación de la presente Opinión "per curiam" y Sentencia.*

*Se le apercibe al señor Abendaño Ezquerro que la presente acción disciplinaria no le exime de tener que subsanar, a sus expensas, las deficiencias señaladas por ODIN en su obra notarial. Esa obligación subsiste y su desatención le expone al correspondiente procedimiento de desacato. Por lo tanto, le concedemos al señor Abendaño Ezquerro un término de sesenta (60) días para que subsane las deficiencias arancelarias de su obra notarial y que contrate, a su costo, a un notario para corregir las deficiencias señaladas. Se refiere este asunto al Departamento de Justicia para la acción correspondiente.*

*Se dictará sentencia de conformidad.*