EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Angel M. Collazo Santiago | 2018 TSPR 204 <br><br> 201 DPR ____ |

Número del Caso:  TS-12,165


Fecha: 17 de diciembre de 2018


Oficina de Inspección de Notarías:

      Lcdo. Manuel E. Ávila De Jesús
      Director


Materia:  Conducta Profesional – Suspensión será efectiva el 20 de diciembre de 2019, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Ángel M. Collazo Santiago          TS-12,165


PER CURIAM

En San Juan, Puerto Rico, a 17 de diciembre de 2018.

El Lcdo. Ángel M. Collazo Santiago no ha satisfecho la deficiencia arancelaria que impide la aprobación de su obra notarial. Vencidos los términos y la prórroga que le concedimos para saldar la deuda, sin que el licenciado lo haya realizado, nos vemos obligados a ejercer nuestro poder disciplinario y suspenderlo de la profesión jurídica.

I

El licenciado Collazo Santiago fue admitido a la profesión legal el 21 de enero de 1998 y prestó juramento de notario el 7 de agosto de ese año. El 13 de septiembre de 2017 el Director de la Oficina

de Inspección de Notarías (ODIN), mediante un informe especial, nos informó que el licenciado Collazo Santiago adeudaba varios informes de actividad notarial y que acumuló una deuda arancelaria de $24,180.50 en su obra protocolar y una de $5,572.00 en los tomos del Libro de Registro de Testimonios que custodiaba. El 2 de noviembre de 2017 dictamos una resolución y ordenamos la incautación preventiva e inmediata de la obra protocolar y el sello notarial del licenciado Collazo Santiago. Además, dispusimos que el licenciado tenía hasta el 1 de diciembre de 2017 para expresarse sobre el informe especial del Director de la ODIN y presentar los informes mensuales adeudados de diciembre de 2016 hasta agosto de 2017 y el informe estadístico anual del 2016. También le concedimos noventa días para que cancelara la deuda arancelaria y subsanara las deficiencias señaladas en su obra protocolar.

El 2 de febrero de 2018, compareció ante nos el Director de la ODIN mediante una "Moción notificando cumplimiento parcial de orden y en solicitud de término final". Nos informó que el licenciado Collazo Santiago: atendió las deficiencias señaladas en los protocolos de los años 2008 y 2009; presentó los informes de actividad notarial que adeudaba; hizo el pago para encuadernar el tomo de protocolos del 2016, pero no satisfizo la deuda arancelaria. Según solicitó el Director de la ODIN en esa moción, el 26 de febrero de 2018 le concedimos al licenciado

Collazo Santiago un término de treinta días para saldar la deuda arancelaria de $24,180.50.

El 10 de abril de 2018, el Director de la ODIN compareció. Nos informó que el término concedido al licenciado venció sin que este se comunicara con la ODIN con el propósito de cancelar la deuda arancelaria. Examinada esa moción, el 29 de junio de 2018 le concedimos al licenciado Collazo Santiago un término final e improrrogable de treinta días para satisfacer la deuda arancelaria de $24,180.50. Le apercibimos de que su incumplimiento con lo ordenado podría conllevar sanciones disciplinarias, incluyendo la suspensión de la abogacía y de la notaría.

Antes de que venciera el término, el licenciado compareció y solicitó una prórroga. Aludió al "difícil momento histórico que le toca vivir a todos los puertorriqueños que opta[n] por permanecer en la isla" y al retraso de los procesos judiciales debido al paso del huracán María para explicar por qué se le había hecho difícil saldar la deuda. Aseveró que su intención era cumplir con lo ordenado y tomar las providencias necesarias para que las faltas no volvieran a ocurrir. Alegó que estaba pronto a entregar los sellos para saldar parcialmente su deuda y que le restarían solo dos de los cuatro años para los que faltaba adherir y cancelar sellos arancelarios. Aseguró que en los próximos ciento veinte días esperaba culminar con varios casos judiciales en tránsito y poder

satisfacer el resto de la deuda. Le concedimos treinta días a la ODIN para que se expresara sobre la solicitud de prórroga.

El Director de la ODIN compareció y nos informó que el licenciado Collazo Santiago entregó los aranceles que debían ser adheridos y cancelados a los tomos de protocolos formados para los años 2008 y 2009, para un total de $3,427.50. Subsistía, sin embargo, la deficiencia arancelaria en los tomos de protocolos formados para los años 2006 y 2007, para una deuda total de $20,753.00. El Director de la ODIN indicó que no objetaba la solicitud de prórroga, pero, tomando en consideración el tiempo que el licenciado Collazo Santiago había tenido para ello, recomendó que se le extendiera el término a un máximo de noventa días.

Acogimos la recomendación del Director de la ODIN. Mediante resolución el 21 de agosto de 2018, le concedimos al licenciado Collazo Santiago un término final e improrrogable de noventa días para satisfacer la deficiencia arancelaria. Le apercibimos de que su incumplimiento podría conllevar severas sanciones, incluyendo la suspensión de la notaría y que podría ser referido al Tribunal de Primera Instancia para un procedimiento de desacato.

El 28 de noviembre de 2018, el Director de la ODIN nos presentó una "Moción reiterando incumplimiento de orden y en solicitud de remedios". Informó que el término concedido

al licenciado Collazo Santiago venció y que subsistía la deficiencia arancelaria de $20,753.00 en los tomos de protocolos formados para los años 2006 y 2007, así como una deficiencia arancelaria adicional de $3,090.00 en uno de sus volúmenes del Libro de Registro de Testimonios. Por ello, recomendó la suspensión inmediata e indefinida de la notaría del licenciado Collazo Santiago; que se le requiera satisfacer de forma inmediata la totalidad de la deuda arancelaria, y que se refiera el asunto al proceso de desacato ante la Jueza Administradora del Tribunal de Primera Instancia, Sala Superior de San Juan.

## II

Los notarios están obligados al estricto cumplimiento del ordenamiento notarial. Entre los deberes impuestos a los notarios está el de adherir y cancelar los sellos arancelarios correspondientes al momento de autorizar un documento público. Art. 10 de la Ley Notarial de 1987, 4 LPRA sec. 2021. El incumplimiento con este deber expone a estos documentos a la ineficacia jurídica, en perjuicio de los otorgantes o de terceros, defrauda el erario y podría resultar en la configuración del delito de apropiación ilegal. In re Abendaño Ezquerro, 198 DPR 677, 682-683 (2017).

Un notario no puede asumir una actitud pasiva ante los señalamientos de la ODIN en torno a las deficiencias de su obra notarial. Tratar con laxitud los señalamientos de la ODIN configura una violación del Canon 9 del Código de Ética

Profesional, 4 LPRA Ap. IX. In re Abendaño Ezquerro, supra, pág. 682. Este canon exige que los abogados atiendan pronta y diligentemente las órdenes de todos los tribunales. In re Crespo Peña, 195 DPR 318, 321 (2016). Cuando un abogado muestra indiferencia ante nuestros apercibimientos de sanciones disciplinarias, procede suspenderlo inmediata e indefinidamente de la profesión. In re Baretty Torres, 195 DPR 600, 604 (2016).

Igualmente, los abogados deben responder diligentemente a los requerimientos de la ODIN, pues la inobservancia de este deber acarrea el mismo efecto que cuando se desatiende una orden de este Tribunal. In re Pachecho Pacheco, 192 DPR 553, 561 (2015). Además, cuando un notario incumple con sus obligaciones y deberes notariales, procede la acción disciplinaria en su función como notario y también como abogado, pues al no practicar con celo la notaría, lesiona la confianza y la función pública que le fueron confiadas. In re Abendaño Ezquerro, supra, pág. 682.

III

El licenciado Collazo Santiago no ha cumplido con lo ordenado por este Tribunal ni ha sido diligente con relación a los requerimientos de la ODIN. Somos conscientes de la carga económica que puede significar satisfacer una deficiencia arancelaria total de $23,843.00. Sin embargo, esta comenzó a acumularse en el 2006, y desde ese entonces el licenciado Collazo Santiago tenía el deber de satisfacer

cualquier deuda arancelaria que comenzara a acumularse. Ni el momento histórico de Puerto Rico ni el paso del huracán María justifican tal desatención con un deber impuesto por ley. Además, con excepción de la presentación de una solicitud de prórroga, que le fue concedida, el licenciado Collazo Santiago ha ignorado nuestras órdenes y apercibimientos. Su conducta es intolerable por el agravio a nuestra autoridad y por el efecto que pudiera tener para otorgantes y terceras personas que todos esos documentos estén expuestos a la anulabilidad e ineficacia jurídica. In re Abendaño Ezquerro, supra, pág. 683.

Además, su desatención a los requerimientos de la ODIN y a nuestras órdenes refleja un menosprecio de sus obligaciones profesionales como abogado. Desde junio de 2018 le advertimos que esa desatención podría redundar en su suspensión como notario y como abogado. Sin embargo, el licenciado Collazo Santiago recayó en su desatención e incomparecencia a pesar de nuestros requerimientos.

IV

Así pues, suspendemos al licenciado Collazo Santiago inmediata e indefinidamente del ejercicio de la abogacía y la notaría. Le ordenamos notificar a sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Deberá acreditar a este Tribunal el

cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. Se le apercibe al señor Collazo Santiago que su obligación de subsanar, a sus expensas, las deficiencias señaladas por la ODIN en su obra notarial, subsiste. Por lo tanto, le concedemos un término de sesenta días para subsanar las deficiencias arancelarias de su obra notarial y contratar, a su costo, a un notario para corregir cualquier otra deficiencia señalada.

La fianza notarial queda automáticamente cancelada, pero se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por el señor Collazo Santiago mientras la fianza estuvo vigente. Se le apercibe de que incumplir con lo aquí ordenado podría dar lugar a la iniciación de un procedimiento de desacato en el Tribunal de Primera Instancia. Si interesara presentar una solicitud de reinstalación, deberá incluir una certificación de la ODIN que demuestre que su obra notarial se encuentra libre de deficiencias.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ángel M. Collazo Santiago                TS-12,165

SENTENCIA

En San Juan, Puerto Rico, a 17 de diciembre de 2018.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, suspendemos al licenciado Collazo Santiago inmediata e indefinidamente del ejercicio de la abogacía y la notaría. Le ordenamos notificar a sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. Se le apercibe al señor Collazo Santiago que su obligación de subsanar, a sus expensas, las deficiencias señaladas por la ODIN en su obra notarial, subsiste. Por lo tanto, le concedemos un término de sesenta días para subsanar las deficiencias arancelarias de su obra notarial y contratar, a su costo, a un notario para corregir cualquier otra deficiencia señalada.

La fianza notarial queda automáticamente cancelada, pero se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por el señor Collazo Santiago mientras la fianza estuvo vigente. Se le apercibe de que incumplir con lo aquí ordenado podría dar lugar a la iniciación de un procedimiento de desacato en el Tribunal de Primera Instancia. Si interesara presentar una solicitud de reinstalación, deberá incluir una certificación de la ODIN que demuestre que su obra notarial se encuentra libre de deficiencias.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo