EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Germán R.A. Monroig Pomales | 2019 TSPR 100<br><br>202 DPR \_\_\_\_\_ |

Número del Caso:  TS-14,150


Fecha:  24 de mayo de 2019


Lcdo. Germán R.A. Monroig Pomales:

　　Por derecho propio


Oficina de Inspección de Notarías:

　　Lcdo. Manuel E. Ávila De Jesús
　　Director


Conducta Profesional: La suspensión de la notaría será efectiva el 11 de junio de 2019, fecha en que se le notificó al abogado de su suspensión inmediata.



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Germán R.A. Monroig Pomales          TS-14,150

*PER CURIAM*

En San Juan, Puerto Rico, a 24 de mayo de 2019.

Una vez más, ejercemos nuestra facultad disciplinaria contra un miembro de la profesión legal debido a su incumplimiento con los requerimientos de la Oficina de Inspección de Notarías (ODIN) y de este Tribunal. Ante la conducta demostrada en el trámite que exponemos a continuación, decretamos la suspensión inmediata e indefinida de la notaría del Lcdo. Germán R.A. Monroig Pomales.

I.

El licenciado Monroig Pomales fue admitido al ejercicio de la abogacía el 6 de agosto de 2002 y prestó juramento como notario el 16 de agosto del mismo año. El 6 de agosto de 2018, el Director de la ODIN,

Lcdo. Manuel E. Ávila de Jesús, presentó un *Informe especial sobre incumplimiento en la corrección de deficiencias notificadas y en solicitud de remedios*. En dicho informe notificó que el 31 de marzo de 2014, la ODIN citó al licenciado Monroig Pomales para un proceso ordinario de inspección. La inspección estaba pautada para el 19 de junio de 2014. Pese a la citación cursada, el licenciado Monroig Pomales no compareció.

El 14 de julio de 2015 el Director de ODIN emitió una *Notificación final de requerimiento para la presentación de índices notariales e informes estadísticos de actividad notarial adeudados*. A esta fecha, se añadieron los Informes de Actividad Notarial correspondientes a los meses de diciembre de 2014 hasta junio de 2015, más el Informe Estadístico Anual de Actividad Notarial correspondiente al año natural 2014. En esa notificación, se le concedió un plazo final e improrrogable de diez (10) días para cumplir con lo requerido.

Según surge del informe, transcurridos pocos meses de la primera citación por la ODIN, su Director advino en conocimiento de que el letrado había sido designado como Director Ejecutivo de una instrumentalidad del Estado Libre Asociado de Puerto Rico en la República Dominicana. Ante estas circunstancias, el 1 de septiembre de 2015 la ODIN ordenó al licenciado Monroig Pomales entregar su obra protocolar y sus Volúmenes del Libro de Registro de Testimonios para inspección; el inventario de la obra; la evidencia del pago

de la Fianza Notarial prestada y le requirió presentar los índices de actividad mensual e informes estadísticos anuales.

El 21 de septiembre de 2015, el licenciado Monroig Pomales solicitó la cesación voluntaria al ejercicio de la notaría por incompatibilidad con el cargo que ocupaba. Con la solicitud de cesación hizo entrega de los tomos de los Protocolos correspondientes a los años naturales 2002, 2003 y 2004. Respecto a los años naturales trascurridos entre el 2005 al 2014, entregó las siguientes cantidades de instrumentos públicos sin encuadernar:

a. Año natural 2005: 26 instrumentos públicos sueltos

b. Año natural 2006: 31 instrumentos públicos sueltos

c. Año natural 2007: 22 instrumentos públicos sueltos

d. Año natural 2008: 8 instrumentos públicos sueltos

e. Año natural 2009: 5 instrumentos públicos sueltos

f. Año natural 2010: 5 instrumentos públicos sueltos

g. Año natural 2011: 10 instrumentos públicos sueltos

h. Año natural 2012: 7 instrumentos públicos sueltos

i. Año natural 2013: 7 instrumentos públicos sueltos

j. Año natural 2014: 4 instrumentos públicos sueltos

El licenciado Monroig Pomales entregó, además, su sello notarial.

La Lcda. Leila Alvarado González, Inspectora de Protocolos y Notarías, examinó preliminarmente la obra protocolar correspondiente a los años naturales 2005 al 2014. La Inspectora aprobó los tomos de Protocolos para los años

naturales 2002, 2003, 2004, 2007 (con deficiencias), 2008 y 2011; y los Volúmenes del Libro de Registro de Testimonios para los meses de febrero y marzo 2017. Estos protocolos se aprobaron luego de que se subsanaran varias deficiencias, entre estas, una deuda de $4,835.00 en los Volúmenes del Libro de Registro de Testimonios y de $20,809.00 en concepto de aranceles que se debieron cancelar en sus tomos de Protocolos.[1] Una vez aprobados los tomos de Protocolos de los años 2002, 2003, 2004, 2007, 2008 y 2011, ODIN identificó que el letrado debía, por distintos conceptos, la cantidad de $16,862.00 correspondiente a los tomos 2005, 2006, 2009, 2010, 2012, 2013 y 2014.

Reprogramada la reinspección final de los tomos de Protocolos de los años naturales 2009, 2010, 2012 y 2014 para el 10 de enero de 2018, el licenciado Monroig Pomales informó que no contaba con la cantidad de $16,862.00 adeudada. En vista de lo anterior, la Inspectora presentó ante la consideración del Director de la ODIN un documento titulado *Informe de Deficiencias de la Obra Notarial del Lcdo. Germán R. A. Monroig Pomales, RUA 14150, a tenor con la Regla 77(k) del Reglamento Notarial*. En su informe expresó que luego de la reinspección de los protocolos, subsistían varias deficiencias en los años naturales 2005, 2006, 2009, 2010 y 2012 al 2014.

---

[1] La partida se desglosa de la siguiente manera: $19,796.00 en sellos de Rentas Internas; $899.00 en sellos a favor de la Sociedad para la Asistencia Legal y $114.00 en sellos de Impuesto Notarial.

El 7 de febrero de 2018, el Director de la ODIN envió el informe al licenciado Monroig Pomales.[2] Se le requirió que expresara su posición dentro del término de quince (15) días a partir del recibo del documento y acreditara el pago de la deuda que prevalecía en la obra.

Vencido el término conferido, el licenciado Monroig Pomales remitió una comunicación electrónica al Director de la ODIN. En esta reconoció la deficiencia arancelaria señalada; alegó que no había podido satisfacer la misma "debido al cambio significativo en mis circunstancias personales";[3] expresó encontrarse en gestiones para satisfacer la deuda y solicitó que se le permitiera establecer un plan de pago.

En respuesta a su mensaje, el Director de la ODIN informó al licenciado Monroig Pomales que no tenía facultad para acordar planes de pago. Además, que la situación personal aludida no lo eximía de cumplir con su obligación de adherir y cancelar los aranceles en los instrumentos públicos que autorizó. Finalmente, le concedió al letrado hasta el 25 de junio de 2018 para atender los señalamientos notificados.

Llegada la fecha, el licenciado Monroig Pomales incumplió con el término final que se le concedió. El 26 de junio de 2018,

---

[2] Este Informe fue adelantado vía correo electrónico y enviado formalmente mediante correo regular a la dirección de notificaciones oficiales del letrado que obra en el Registro Único de Abogados y Abogadas, así como a una segunda alterna en República Dominicana facilitada por el licenciado.
[3] Anejo VI, del *Informe especial sobre incumplimiento en la corrección de deficiencias notificadas y en solicitud de remedios,* correo electrónico enviado por el licenciado Monroig Pomales al licenciado Ávila de Jesús el 7 de marzo de 2018.

la Inspectora cursó una comunicación electrónica al licenciado Monroig Pomales. Le advirtió que había incumplido con el término conferido por la ODIN para atender los señalamientos notificados y que se procedería a elevar el correspondiente Informe Especial ante el Tribunal Supremo.

El licenciado Monroig Pomales respondió la comunicación de la Inspectora. Expresó que no había podido regresar a nuestra jurisdicción. No obstante, sostuvo que había identificado los fondos para satisfacer la deuda existente, y que procedería con el pago antes del 10 de julio de 2018. Sin embargo, transcurrida la fecha indicada, una vez más, el licenciado Monroig Pomales incumplió con lo acordado.

En su informe ante este Tribunal, la ODIN sostuvo que a pesar de las oportunidades que se le ofrecieron al notario durante los tres años previos, aún no había culminado el proceso de subsanación de su obra protocolar. En particular, no había satisfecho la deficiencia arancelaria, requisito esencial para que completara un proceso de cesación voluntaria. Ante la falta de cooperación e inacción del licenciado Monroig Pomales para subsanar su obra protocolar y cancelar la deuda arancelaria, la ODIN nos recomendó la imposición de medidas disciplinarias.

El 9 de agosto de 2018, emitimos una *Resolución* concediéndole al letrado un término de treinta (30) días para corregir las deficiencias en su obra notarial.[4] También le

---

[4] Esta Resolución se notificó personalmente.

ordenamos mostrar causa por la cual no debía ser suspendido de la profesión por incumplir con las órdenes de la ODIN.

El 24 de septiembre de 2018 emitimos una segunda *Resolución* mediante la cual le concedimos al licenciado Monroig Pomales un término final e improrrogable de quince (15) días para corregir las deficiencias notificadas en su obra notarial. Se le apercibió que, de incumplir con lo ordenado, además de las consecuencias disciplinarias, el asunto se referiría al Tribunal de Primera Instancia para el proceso de desacato correspondiente.[5]

El 9 de octubre de 2018 el licenciado Monroig Pomales presentó una *Moción en cumplimiento de orden*. En cuanto a las deficiencias señaladas, indicó que el 5 de octubre de 2018 acudió a la ODIN para reunirse con la Inspectora. Arguye que durante dicha reunión subsanó una serie de deficiencias sustantivas de su obra notarial.[6] En consideración a lo informado, el 19 de octubre de 2018 dimos por cumplida nuestra orden y le concedimos un término de treinta (30) días para notificar los avances del proceso de cumplimiento iniciado ante la ODIN.[7]

No obstante lo anterior, el 28 de noviembre de 2018 la ODIN presentó *Moción reiterando incumplimiento de orden y en solicitud de remedios*. Explicó que el notario se comunicó con

---

[5] Esta Resolución se notificó por correo electrónico ya que para aquel entonces el licenciado Monroig Pomales residía en la República Dominicana.
[6] El licenciado Monroig Pomales incluyó como anejo una copia del Informe de Inspección firmado por ambas partes.
[7] Esta Resolución se notificó por correo electrónico ese mismo día.

la Inspectora el 20 de noviembre de 2018. Le informó por teléfono que por motivos de los días festivos no podía viajar a Puerto Rico por lo que debía posponer la fecha para cumplir con lo dispuesto en la *Resolución* y *Orden* emitida en octubre de 2018 y que así lo informaría a este Tribunal. El licenciado Monroig Pomales no compareció oportunamente ante este Tribunal.

El 4 de diciembre de 2018 el licenciado Monroig Pomales presentó *Moción en cumplimiento de orden, contestación a solicitud de remedios y solicitud de término*. En esta explicó que lo único que restaba del proceso de cumplimiento era cubrir la deficiencia arancelaria de $16,862.00. Una vez satisfecha la deuda se aprobaría la obra notarial. Expresó que había solicitado un préstamo para satisfacer esta deuda. Requirió un término de cuarenta y cinco (45) días para poder informar sobre acciones concretas. A esos efectos, emitimos una Resolución el 4 de enero de 2019. En aquella ocasión, se dio por cumplida la *Resolución* del 19 de octubre de 2018 y concedimos al letrado un término de treinta (30) días para completar los trámites pendientes ante la ODIN. También se le apercibió que en el futuro debía atender con mayor diligencia las órdenes de este Tribunal y sus instrumentalidades, ya que su incumplimiento podría acarrear la imposición de sanciones

más severas, tales como la suspensión del ejercicio de la profesión legal.[8]

El 11 de febrero de 2019 ODIN presentó una *Segunda moción notificando incumplimiento de orden y en solicitud de remedios*. En esencia, indicó que el licenciado Monroig Pomales no cumplió con la orden de este Tribunal emitida el 4 de enero de 2019.[9] Según la Inspectora, el letrado no se comunicó con la ODIN y la obra protocolar bajo su custodia seguía en el mismo estado, a saber, con las deficiencias notificadas en el informe de noviembre de 2018.

La ODIN solicitó varios remedios. En particular, recomendó que suspendiéramos inmediata e indefinidamente al licenciado Monroig Pomales del ejercicio de la notaría. Además, que determináramos si, dentro de nuestra facultad para reglamentar el ejercicio de la profesión legal, se configuraron los elementos requeridos para imponerle otras sanciones de naturaleza disciplinaria. Finalmente, solicitó que refiriéramos este asunto a un proceso de desacato ante el Tribunal de Primera Instancia, Sala Superior de San Juan, para el trámite de rigor.

## II.

El ejercicio de la notaría exige un grado razonable de organización administrativa, supervisión, responsabilidad y consciencia pública. In re Núñez Vázquez, 197 DPR 506, 511

---

[8] La Juez Asociada señora Rodríguez Rodríguez hizo constar que del licenciado incumplir lo referiría al Departamento de Justicia.
[9] Esta Resolución se notificó por correo electrónico.

(2017); In re Santiago Ortiz, 191 DPR 950, 959-960 (2014). "Por lo tanto, en la medida en que el notario o la notaria no pueda cumplir íntegramente con las obligaciones que les impone la Ley Notarial de Puerto Rico y su Reglamento, debe abstenerse de practicar el notariado". In re Núñez Vázquez, supra, pág. 511.

Los notarios y notarias están obligados al estricto cumplimiento del ordenamiento notarial. Entre los deberes impuestos a los notarios y notarias está el de adherir y cancelar los sellos arancelarios correspondientes al momento de autorizar un documento público. Art. 10 de la Ley Notarial de 1987, 4 LPRA sec. 2021. El incumplimiento con este deber expone a estos documentos a la ineficacia jurídica, en perjuicio de los otorgantes o de terceros, defrauda el erario y podría resultar en la configuración del delito de apropiación ilegal. In re Abendaño Ezquerro, 198 DPR 677, 682-683 (2017). Cuando un notario o notaria incumple con sus obligaciones y deberes notariales lesiona la confianza y la función pública que le fueron confiadas. In re Abendaño Ezquerro, supra, pág. 682; In re Collazo Santiago, 2018 TSPR 204, 201 DPR ____ (2018).

Por otra parte, "[l]os notarios no pueden asumir una actitud pasiva y esperar a que la ODIN los contacte para corroborar que se hayan corregido las deficiencias señaladas". In re Vázquez González, 194 DPR 688, 695 (2016). Tratar con laxitud los señalamientos de la ODIN configura una violación

del Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. In re Abendaño Ezquerro, supra, pág. 682. Dicho canon impone a los profesionales del derecho el deber de observar el mayor respeto hacia los tribunales. In re Vera Vélez, 192 DPR 216, 226 (2015); In re Da Silva Arocho, 189 DPR 888, 893 (2013). Por tanto, los miembros de la profesión legal tienen la ineludible obligación de responder oportunamente a nuestros requerimientos. In re Vargas Díaz, 198 DPR 149, 153 (2017); In re Irizarry Irizarry, 190 DPR 368, 374 (2014); In re García Ortiz, 187 DPR 507, 524 (2013).

III.

En el caso ante nos, las deficiencias arancelarias en la obra notarial del licenciado Monroig Pomales ascienden a $16,862.00. Como mencionamos, con esta deficiencia el licenciado Monroig Pomales violó la fe pública notarial. Al no cancelar los sellos oportunamente, no sólo ha defraudado al erario, sino que están en riesgo la validez de los instrumentos que autorizó, lo que puede tener graves repercusiones para sus clientes y terceros. Además, según el trámite procesal expuesto, el licenciado Monroig Pomales incumplió con las órdenes de este Tribunal y la ODIN, a pesar de los múltiples requerimientos y plazos concedidos.

Los procesos para subsanar la obra notarial comenzaron en el 2014. Al presente el licenciado Monroig Pomales no ha cumplido con los requerimientos de la ODIN, ni de este Tribunal. El licenciado no actuó con diligencia en el

cumplimiento de su deber. Era su obligación subsanar las faltas una vez le fueron señaladas. Nuestra normativa hace claro que ningún notario puede asumir una actitud pasiva y descansar en que la ODIN lo contactará para verificar si se corrigen adecuadamente los señalamientos, máxime cuando la imagen de la profesión y la suya propia está en tela de juicio. Aún más serio es el incumplimiento cuando, a pesar de los apercibimientos y oportunidades otorgadas, no se actúa con la diligencia y compromiso que amerita la situación.

Debido al incumplimiento reiterado del licenciado Monroig Pomales con los requerimientos de la ODIN y de este Tribunal, y a la luz del derecho aplicable, lo suspendemos inmediata e indefinidamente del ejercicio de la notaría. En consecuencia, la fianza notarial queda cancelada automáticamente.[10] Además, se ordena al licenciado subsanar los defectos de la obra protocolar, específicamente, satisfacer la deficiencia arancelaria en un término de treinta (30) días. Este término se computará a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. De incumplir con este término, el licenciado se expone a sanciones ulteriores, tales como ser referido al Tribunal de Primera Instancia para un proceso de desacato o ser suspendido indefinidamente del ejercicio de la abogacía.

---

[10] La fianza se considerará buena y válida por tres años después de su terminación dados los actos realizados por el licenciado Monroig Pomales durante el periodo en que la misma estuvo vigente.

Notifíquese personalmente al licenciado Monroig Pomales esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:


Germán R.A. Monroig Pomales

TS-14,150


SENTENCIA


En San Juan, Puerto Rico, a 24 de mayo de 2019.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente al Lcdo. Germán R.A. Monroig Pomales del ejercicio de la notaría. En consecuencia, la fianza notarial queda cancelada automáticamente.

Se ordena al licenciado subsanar los defectos de la obra protocolar, específicamente, satisfacer la deficiencia arancelaria en un término de treinta (30) días. Este término se computará a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. De incumplir con este término, el licenciado se expone a sanciones ulteriores, tales como ser referido al Tribunal de Primera Instancia para un proceso de desacato o ser suspendido indefinidamente del ejercicio de la abogacía.

Notifíquese personalmente al licenciado Monroig Pomales esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez separaría de la abogacía y referiría al

abogado al Departamento de Justicia en virtud de la deuda arancelaria. El Juez Asociado señor Colón Pérez no intervino.


                          José Ignacio Campos Pérez
                        Secretario del Tribunal Supremo