EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Gina Aguilar Gerardino | 2019 TSPR 101 <br><br> 202 DPR _____ |

Número del Caso:  TS-12,937

Fecha:  30 de mayo de 2019

Oficina de Inspección de Notarías:

    Lcdo. Manuel E. Ávila De Jesús
    Director

Conducta Profesional: La suspensión será efectiva el 11 de junio de 2019, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re*<br><br>Gina Aguilar Gerardino | **Núm.** <u>TS-12,937</u> |

*PER CURIAM*

San Juan, Puerto Rico, a 30 de mayo de 2019.

En esta ocasión, nos corresponde ejercer nuestra jurisdicción disciplinaria para ordenar la suspensión inmediata e indefinida de la práctica de la abogacía y la notaría de un integrante de la profesión legal, por razón de su incumplimiento con los requerimientos de la Oficina de Inspección de Notarías (ODIN) y con las órdenes de este Tribunal.

**I**

La Lcda. Gina Aguilar Gerardino fue admitida al ejercicio de la abogacía el 25 de enero de 2000 y al ejercicio de la notaría el 2 de julio de 2001.

Así, el 12 de febrero de 2019, el Lcdo. Manuel E. Ávila De Jesús, Director de la Oficina de Inspección de Notarías (Director), compareció ante este Tribunal mediante un escrito titulado *Informe especial sobre incumplimiento en la corrección de deficiencias notificadas, solicitando incautación preventiva de obra protocolar y en solicitud de remedios* (Informe). En éste, detalla los contratiempos enfrentados por la ODIN para culminar el proceso de inspección y aprobación de la obra protocolar de la Lcda.

Gina Aguilar Gerardino para los años naturales 2008 al 2012. Ello, luego de que se le notificaran -en repetidas instancias- las deficiencias que debían ser subsanadas.

En su Informe, el licenciado Ávila de Jesús relata los pormenores relacionados con la inspección de la obra notarial de la licenciada Aguilar Gerardino, cuyo trámite se remonta al 2017. Indica que los protocolos de los años naturales 2008 al 2012, luego de ser inspeccionados por el Inspector de Protocolos y Notarías, el Lcdo. Elías Rivera Fernández, no pudieron ser aprobados por contener deficiencias sustantivas (omisión de protocolización de instrumentos públicos y escrituras extraviadas) y una deficiencia arancelaria de $8,388.50.

El 23 de julio de 2018, luego de varios intentos fallidos por parte de la ODIN para que la licenciada Aguilar Gerardino subsanara las faltas y deficiencias, el licenciado Ávila de Jesús le remitió el documento titulado *Informe de Deficiencias de la Obra Notarial de la Lcda. Gina Aguilar Gerardino [RUA 12937], a tenor con la Regla 77(k) del Reglamento Notarial*, y le concedió un término de quince (15) días para expresarse en torno al mismo y cancelar una deuda arancelaria que tenía pendiente. La licenciada Aguilar Gerardino no respondió a la comunicación e incumplió con el término conferido. El 21 de agosto de 2018, el Director de la ODIN le remitió otra comunicación en la que incluyó el documento titulado *Incumplimiento Reacción Informe Final de Inspección RUA 12,937 (Informe 77k)* y le otorgó una segunda

oportunidad para reaccionar al escrito remitido el 23 de julio de 2018.

El 30 de agosto de 2018, la abogada de referencia envió una comunicación electrónica a la ODIN y expresó que remitió copia de los comprobantes adeudados en los libros de testimonios. Reconoció la deficiencia arancelaria señalada en sus tomos del Protocolo, específicamente aquellos formados en los años naturales 2008 al 2012. Además, informó que era consciente de su responsabilidad como notario en adherir los aranceles y expresó que no contaba con la capacidad económica para adquirir los mismos. En respuesta a su mensaje, el 6 de septiembre de 2018, el licenciado Rivera Fernández le concedió hasta el 15 de enero de 2019, como prórroga final para satisfacer la deuda arancelaría existente en su obra protocolar. Al momento del licenciado Ávila de Jesús comparecer ante este Tribunal, la licenciada Aguilar Gerardino aún no había comparecido ante la ODIN ni se había comunicado con funcionario alguno para completar el proceso de subsanación de su obra protocolar.

En atención a la falta de interés, la inacción y desidia de la licenciada Aguilar Gerardino al momento de subsanar las deficiencias que le fueron señaladas desde el 2017, el Director de la ODIN solicitó nuestra intervención en aras de lograr su comparecencia y cumplimiento con los requerimientos que dicha oficina le ha cursado. Específicamente, nos solicitó que ordenáramos incautar de manera preventiva la obra protocolar y el sello notarial del

notario de epígrafe. Además, que le concediéramos a la abogada de referencia un término final e improrrogable de treinta (30) días a partir de la notificación de la resolución correspondiente para que atendiera el proceso de subsanación de la obra protocolar para los años naturales 2008 al 2012, en particular la cancelación de la deficiencia arancelaria de $8,388.50.

Luego de evaluar detenidamente el *Informe* presentado por el Director de la ODIN, el 12 de marzo de 2019, emitimos una *Resolución* mediante la cual ordenamos la incautación preventiva e inmediata de la obra protocolar y el sello notarial de la licenciada Aguilar Gerardino y le ordenamos a ésta que, en un término de treinta (30) días, culminara la subsanación de los señalamientos de faltas en su obra protocolar para los años naturales 2008 al 2012. Además, le instruímos que, en un término de diez (10) días, mostrar causa por la cual no debía ser suspendida de la práctica de la abogacía y la notaría en nuestra jurisdicción por incumplir con su obligación de subsanar oportunamente las faltas que le fueron notificadas por la ODIN. Por último, se le apercibió que su incumplimiento con lo anterior podría conllevar un referido al Departamento de Justicia para el trámite correspondiente.

Al transcurrir el término concedido, sin una comparecencia por parte de la licenciada Aguilar Gerardino, el 5 de abril de 2019, emitimos una *Resolución* mediante la cual le concedimos un término final e improrrogable de diez

(10) días para cumplir con lo ordenado en la *Resolución* dictada el 12 de marzo de 2019. Así las cosas, el 25 de abril de 2019, el Director de la ODIN, el Lcdo. Manuel E. Ávila de Jesús, compareció ante este Foro mediante una *Moción Reiterando Incumplimiento de Orden y en Solicitud de Remedios*. Nos informó que la licenciada Aguilar Gerardino no había comparecido ante la ODIN ni se había comunicado para notificar el proceso de subsanación de su obra protocolar, en particular la cancelación de la deficiencia arancelaria existente que asciende a $8,388.50.

En atención a su reiterado incumplimiento con nuestras órdenes, el 8 de mayo de 2019, emitimos una *Resolución* concediéndole a la licenciada un término final, improrrogable y perentorio de cinco (5) días para que mostrara causa por la cual no debía ser suspendida de la abogacía y la notaría. Además, se le refirió al Departamento de Justicia para el trámite correspondiente y se le advirtió que su incumplimiento podría acarrear su separación de la profesión. Esta *Resolución* le fue notificada personalmente el 14 de mayo de 2019.

Al día de hoy, la licenciada Aguilar Gerardino no ha comparecido ante este Tribunal. Tampoco ha solicitado prórroga para comparecer ni ha cumplido con nuestras órdenes y/o los requerimientos de la ODIN.

## II

En innumerables ocasiones hemos expresado que el ejercicio de la profesión jurídica requiere que todo abogado

observe rigurosamente los requerimientos de este Tribunal. *In re Lee Navas,* 2017 TSPR 208, 199 DPR 1029 (2017). Este mandato ético se encuentra establecido en el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. Específicamente, este precepto ético obliga al abogado observar para con los tribunales una conducta que se caracterice por el mayor respeto. *In re Lee Navas, supra; In re Abreu Figueroa,* 198 DPR 532 (2017). Ello requiere que el abogado cumpla de forma oportuna y diligente con las órdenes y requerimientos emitidos por los foros judiciales, particularmente cuando surgen de un procedimiento disciplinario. *Id.* Esta obligación se extiende a todos aquellos requerimientos que emita la Oficina de Inspección de Notarias. *In re Abreu Figueroa, supra; In re Montañez Melecio,* 197 DPR 275 (2017).

En ese sentido, los abogados tienen un deber ineludible de respetar, acatar y responder diligentemente nuestras órdenes y los requerimientos del ente mencionado. *In re Abreu Figueroa, supra; In re Santaliz Martell,* 194 DPR 911, 914 (2016). Desatenderlas constituye una afrenta a la autoridad de los tribunales e infringe el precitado Canon 9 del Código de Ética Profesional, *supra. In re Dávila Toro,* 193 DPR 159, 163 (2015). Por consiguiente, el incumplimiento con los requerimientos del Tribunal constituye un serio agravio a la autoridad de los tribunales y es suficiente para decretar su separación indefinida de la profesión. *In re Abreu Figueroa, supra; In re Abadía Muñoz et al.,* 197 DPR 1044 (2017). Según hemos sostenido en innumerables ocasiones y esta ocasión no

será la excepción: "este Tribunal no ha de tomar livianamente el que un abogado asuma una actitud de indiferencia y menosprecio hacia nuestra autoridad". *In re Soto Rivera,* 198 DPR 421, 426 (2017).

Con relación a la notaría, hemos enfatizado que el notario no puede asumir una actitud pasiva ante los señalamientos realizados por la ODIN en cuanto a las deficiencias de la obra notarial. *In re Cruz Liciaga,* 198 DPR 828 (2017); *In re Abendano Ezquerro,* 198 DPR 677 (2017). Tampoco esperar que sea este Tribunal quien les notifique las deficiencias señaladas en la obra notarial que no han sido corregidas. Por el contrario, una vez ODIN identifica y señala alguna falta en la obra protocolar del notario, son éstos quienes tienen la obligación de poner su obra al día y de subsanar cualquier deficiencia en ella. *Id.*

Los requerimientos que hace ODIN son análogos a las órdenes que hace este Tribunal, por lo que ameritan la misma diligencia. *In re Pratts Barbarossa,* 199 DPR 594 (2018); *In re Núñez Vázquez,* 197 DPR 506 (2017). Esto es así porque el ejercicio de la notaría requiere el mayor celo en el cumplimiento de los deberes que imponen la Ley Notarial y su Reglamento, así como los deberes éticos. *In re Abendano Ezquerro, supra.* En consecuencia, el incumplimiento con un requerimiento de la ODIN podría producir el mismo efecto que la desobediencia con una orden emitida por este Tribunal, entiéndase la suspensión indefinida e inmediata de la

abogacía y la notaría. *In re Pratts Barbarossa, supra; In re Núñez Vázquez, supra.*

Los notarios tienen la obligación de adherirse estrictamente al cumplimiento de todos aquellos deberes y las obligaciones que le impone su función notarial. Trastocar dichos deberes lesiona la confianza pública que ha sido depositada en ellos. Entre estos deberes está el cancelar sellos arancelarios al momento de otorgar un documento público. No hacerlo perjudica a los otorgantes o terceros, defrauda al erario y podría constituir un delito de apropiación ilegal. *In re Abendano Ezquerro, supra; In re Capestany Rodríguez,* 148 DPR 728, 734-735 (1999); *In re Troche Mercado,* 194 DPR 747, 752 (2016).

## III

Nótese que, desde que se notificó a la licenciada Aguilar Gerardino el *Informe especial sobre incumplimiento en la corrección de deficiencias notificadas, solicitando incautación preventiva de obra protocolar y en solicitud de remedios* suscrito por el Director de la ODIN, éste le concedió varias oportunidades para responder al mismo. Sin embargo, a pesar de los múltiples requerimientos, no compareció cuando se le requirió, no entregó la obra solicitada y tampoco justificó su incumplimiento. Ello, sumado al hecho de que su obra notarial contiene serias deficiencias notariales, particularmente, una deuda arancelaria de **$8,388.50** que no ha sido subsanada.

En cuanto a las órdenes que en varias instancias emitimos, hizo caso omiso; aun cuando ya había sido apercibida expresamente que las consecuencias de su incumplimiento conllevarían la suspensión del ejercicio de la profesión. Ciertamente, la actitud de dejadez y falta de diligencia demostrada por la licenciada Aguilar Gerardino ante el Tribunal y la ODIN constituyó un claro menosprecio a nuestra autoridad.

Por consiguiente, se ordena la suspensión inmediata e indefinida de ésta del ejercicio de la abogacía y de la notaría. En caso de que la licenciada Aguilar Gerardino esté representando a clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolverle los honorarios por trabajos no realizados e informar oportunamente de su suspensión a cualquier foro judicial y administrativo en el que tenga un caso pendiente. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de la presente opinión. De otra parte, su fianza notarial queda automáticamente cancelada.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Gina Aguilar Gerardino

**Núm.** TS-12,937

SENTENCIA

San Juan, Puerto Rico, a 30 de mayo de 2019.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida de la Lcda. Gina Aguilar Gerardino del ejercicio de la abogacía y de la notaría. En caso de que la licenciada Aguilar Gerardino esté representando a clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolverle los honorarios por trabajos no realizados e informar oportunamente de su suspensión a cualquier foro judicial y administrativo en el que tenga un caso pendiente. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de la presente opinión. De otra parte, su fianza notarial queda automáticamente cancelada.

Publíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo